**Jo Ann LYONS, Appellant,**

v.

**Wilbur R. JOHNSON et al., Appellees.**

**Jo Ann LYONS, Appellant,**

v.

**F. J. DELARIOS et al., Appellees.**

**Jo Ann LYONS, Appellant,**

v.

**F. J. DELARIOS et al., Appellees.**

**Nos. 22172, 22172-A, 22068.**

United States Court of Appeals Ninth Circuit.

Aug. 26, 1969.

Rehearing Denied Oct. 14, 1969.

Neri Ramos (argued), San Francisco, Cal., for appellant.

John B. Marchants (argued), of Sedgwick, Detert, Moran & Arnold, San Francisco, Cal., John H. Sears (argued), of Bronson, Bronson & McKinnon, San Francisco, Cal., Ropers, Majeski & Phelps, Redwood City, Cal., Reisch & Sherman, So. San Francisco, Cal., for appellees.

Before JOHNSEN *, ELY and CARTER, Circuit Judges.

JOHNSEN, Senior Circuit Judge.

Two of these three appeals are from dismissals of civil rights damage actions under 42 U.S.C. §§ 1983 and 1985 against different defendants. The third

---

* Harvey M. Johnsen, Senior Circuit Judge of the Eighth Circuit, sitting by designation.

appeal is from an earlier order in one of the suits denying appellant's request for an injunction.

One of the suits was against a California deputy district attorney, some police officers and other persons. The other suit was against a magistrate of a municipal court and an attorney appointed to represent or assist appellant in some misdemeanor charges on which proceedings had been suspended for a time under § 1368 of the California Penal Code ("a doubt * * * as to the sanity of the defendant"). From the implications of the complaints, appellant was after hospital examination apparently deemed not to lack capacity to stand trial. Both complaints sought damages for conspiracy and acts, alleged to have been engaged in against appellant, which were recognized by her as having been separate but apparently regarded as having had similar aims—getting her put (she believed) into a state mental institution.

Dismissal of the suits was made because of appellant's continued and unyielding refusal to submit herself to any depositional interrogation or discovery whatsoever in relation to her claims. She ignored a number of notices which had been served upon her for that purpose. When the court thereupon entered an order directing her to appear upon another such notice, she presented herself at the deposition scene, but refused to answer any question except to state her name. To all other inquiries made of her, she merely responded that she was invoking her privilege against self-incrimination under the Fifth Amendment. The interrogation had sought to elicit information from her as to her version of the background, aspects and incidents on which she was predicating her claims.

When motions were thereafter filed in both suits for orders requiring appellant to answer such questions or granting dismissal of her suits, the court accorded a full and patient hearing in the matter. Judge Burke explained to her the right of a defendant who has been subjected to a suit to require the plaintiff to submit to depositional discovery in relation to the claims asserted; advised her that if she wanted to use the shield of self-incrimination against any interrogation whatsoever regarding her claims, she would have to forego the right to prosecute the actions; and informed her that if she was determined to adhere to her position, it would be necessary for him to dismiss the suits.

Appellant remained adamant and declared: "So I will not waive, and I will not acquiesce and I will stand under the Fifth Amendment even if my case is dismissed. I will merely carry it to a higher court". With the further specific inquiries by the court as to whether she might be willing to recede from her position "if you were to appear for further deposition", and whether her refusal was intended to apply to both of the lawsuits, the situation was left with no room for any uncertainty or misunderstanding by appellant—and she makes no such contention here.

On these absolutes, the orderly functioning of a court and the equal administration of justice by it could call only for the action which the trial court took. No abuse of discretion within the provisions of Rule 26(b), Fed.R.Civ.P., 28 U.S.C.A., could be said to be involved. The court was not dealing with the situation where there was shown to be any margin for a protective order under Rule 30(b) or (d). No aspect was shown to exist of unnecessary scope, improper motive or unfair manner as to the exercising of the discovery process.

The naked question therefore simply was whether a plaintiff can refuse to submit to any discovery whatsoever upon his lawsuit, by asserting a Fifth Amendment privilege against any interrogation of him, and then demand that he nevertheless be permitted to continue with the legal pursuit of his claim, no matter what prejudice or possible unequal protection there might be involved to the defendant from such a court acquiescence.

It is a little difficult to visualize how a possibility of self-incrimination could be involved in any mere relevant interrogation of appellant as to the background, aspects and incidents of her asserted claims, unless she had engaged in a matter of perjury as to the allegations of her complaints; but that question was not one which the court was called upon to consider. If, however, appellant could properly have had a fear of the possibility of exposure to some collateral or unrelated incrimination, she has received full protection against any such possibility from the court's complete honoring of the scope of the privilege asserted by her.

Her obtaining of this shield, however, could not provide a sword to her for achieving assertion of her claims against the defendants without having to conform to the processes necessary to orderly and equal forensic functioning. Clearly, the process of discovery has become increasingly recognized as one of the primary and essential elements in making federal court business flow and in contributing to the accomplishing of trial justice or settlement termination of litigation. The scales of justice would hardly remain equal in these respects, if a party can assert a claim against another and then be able to block all discovery attempts against him by asserting a Fifth Amendment privilege to any interrogation whatsoever upon his claim. If any prejudice is to come from such a situation, it must, as a matter of basic fairness in the purposes and concepts on which the right of litigation rests, be to the party asserting the claim and not to the one who has been subjected to its assertion. It is the former who has made the election to create an imbalance in the pans of the scales.

We would not have indulged in the extent of this expression except for a desire to reach through to appellant in her self-representation as to the course which she has chosen to take. She of course had the right to make that choice, but she must now accept the fact that the doors of the law are closed to any attempts by her to reassert her alleged claims.

 Related to what we have held, there may be noted 4 Moore's Federal Practice 1295, § 26.22(5) and Independent Productions Corp. v. Loewe's Incorporated, 22 F.R.D. 266, 279 (S.D.N.Y. 1958). Our holding requires affirmance to be made of the dismissals of both of appellant's actions. As to the appeal taken from the denial of an injunction, appellant has failed to carry through the necessary prosecution of it by filing briefs, etc. More than this, however, it has also now become moot from dismissal having been made of the action of which it was an incident or a part. It will accordingly be dismissed.

The judgments in Nos. 22,172 and 22,-172-A are affirmed, and the appeal in No. 22,068 is dismissed.