PETE G. AND ELIDA ELIZONDO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Elizondo v. Commissioner
Docket No. 18863-82.
United States Tax Court
T.C. Memo 1983-748; 1983 Tax Ct. Memo LEXIS 38; 47 T.C.M. (CCH) 657; T.C.M. (RIA) 83748; December 15, 1983. Pete G. Elizondo and Elida Elizondo, pro se. David W. Johnson and Willie Armstrong, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Francis J. Cantrel pursuant to section 7456(c), Internal Revenue Code of 1954, as amended and Delegation Order No. 8, 81 T.C. VII (July 1983), for the purpose of hearing and ruling on respondent's Motion for Summary Judgment filed herein. [1] After a review of the record, we agree with and adopt his opinion with is set forth below. OPINION OF THE *39 SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment filed on July 29, 1983, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2] Therein respondent seeks summary adjudication in his favor on all of the legal issues in controversy, i.e., the determined income tax deficiencies and the additions to the tax under section 6653(a). [3]
Respondent, in his notice of deficiency issued to petitioners on April 30, 1982, determined deficiencies in petitioners' Federal income tax and additions to the tax for the taxable calendar years 1979 and 1980 in the following respective amounts: Additions to Tax, I.R.C. 1954
Years
Income Tax
Section 6653(a)
1979
$5,023.28
$251.16
1980
4,284.00
214.20
*40 The adjustments to income as determined by respondent in his deficiency notice are: 1979
1980
Addition income-Red Card
$2,266.00 $ 2,781.00
Schedule C Expenses
8,976.00 9,259.00
Medical and Dental
2,799.00 Sales Tax
375.00 721.00
Contributions
513.00 270.00
Casualty and Theft Losses
235.00 1,449.00
Miscellaneous
1,051.00 1,019.00
Personal Exemptions
(7,000.00)
$9,215.00 $15,499.00
Petitioners timely filed their petition on July 23, 1982 and respondent filed his answer on September 22, 1982. Hence, the pleadings are closed and respondent's motion was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 38, and 121. When respondent's attempts to make arrangements with petitioners for informal consultations or communications proved unsuccessful, [4] he, on February 10, 1983, served a request for admissions on petitioners. [5] Petitioners at no time served answers thereto on respondent nor did they file an original of any answers with the Court. In such circumstance, the matter contained in respondent's Request for Admissions is deemed admitted and conclusively established. [6]
*41 The following findings of fact are based on the record as a whole, those matters deemed admitted and conclusively established with respect to respondent's request for admissions, a stipulation of facts with attached exhibits and respondent's affidavit with attached exhibits. FINDINGS OF FACT Petitioners' legal address on the date they filed their petition was Box 455, Rockdale, Texas. They filed joint 1979 and 1980 Federal income tax returns with the Internal Revenue Service. In 1979 and 1980 Pete G. Elizondo was employed by the Aluminum Company of America at Rockdale, Texas. For 1979 and 1980 he received wages from his employer in the respective amounts of $15,487.81 and $12,250.55. During 1979 Elida Elizondo was employed by Texas Utilities Generating Co.; during 1980 she was employed by the Texas Power & Light Co. For 1979 and 1980 she received wage income from her employers in the amounts of $20,550.04 and $21,692.45, respectively. [7]
For 1979 and 1980 petitioners received additional income from the Red Card Insurance Company in the respective amounts of $2,266.00 and $2,781.00, *42 which they did not report on their 1979 and 1980 returns. Petitioners are not entitled to any exemption or deduction (itemized or business) in excess of those allowed by respondent for the taxable years 1979 and 1980. There is no criminal investigation concerning the petitioners for the taxable years 1979 and 1980.
OPINION Petitioners have stipulated that they received additional income from the Red Card Insurance Company in 1979 and 1980 as determined by respondent. In addition, it is deemed admitted and conclusively established that petitioners are not entitled to any exemption or deduction, itemized or business, in excess of those allowed by respondent for the years at bar. In this latter connection, petitioners, at paragraph 4 of their petition allege: * * * We respectfully like to make a good-faith Fifth Amendment Plea in respect to the production of our books and records. The only reason we refuse to produce our books and records is because we feel it can be used to incriminate us or tend to incriminate us. We don't have any other reason. [8]
*43 Petitioners' Fifth Amendment claim is wholly without merit. To begin with respondent advises in his affidavit that there is no criminal investigation concerning petitioners for the taxable years 1979 or 1980. Such privilege applies only when the possibility of self-incrimination is a real danger, not a remote and speculative possibility.Petitioners must be faced with substantial hazards of incrimination from the information sought. Steinbrecher v. Commissioner,712 F.2d 195 (5th Cir. 1983), [9] affg. T.C. Memo. 1983-12 and cases cited therein. Moreover, the Fifth Circuit in Steinbrecher v. Commissioner,supra, went on to say-- * * * In any event, the taxpayers may not use the fifth amendment privilege, even when properly invoked, to meet their burden of proof in civil proceedings they have instituted. United States v. Rylander [83-1 USTC [par.] 9300],     U.S.    ,    , 103 S. Ct. 1548, 1553, 75 L. Ed. 2d 521, 529 (1983); Urban v. United States,445 F. 2d 641, 643 (5th Cir. 1971) (per curiam), cert. denied, 404 U.S. 1015, 92 S. Ct. 675, 30 L. Ed. 2d 663 (1972). Even *44 if production of evidence may in fact incriminate a taxpayer, a party is not allowed to use the fifth amendment protection as 'a sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his.' Rylander,     U.S. at    , 103 S. Ct. at 1553, 75 L. Ed. 2d at 529; Cf.Lyons v. Johnson,415 F. 2d 540, 541 (9th Cir. 1969) (civil discovery), cert. denied, 397 U.S. 1027, 90 S. Ct. 1273, 25 L. Ed. 2d 538 (1970). [712 F.2d at 198.] Finally, this brings us to a consideration of the additions to the tax, the burden of proof for which is upon petitioners. Rule 142(a). Our review of the petition discloses that no justiciable error or facts has been raised therein by petitioners respecting such additions. Hence, they are deemed conceded. Rule 34(b)(4) and (5); Jarvis v. Commissioner,78 T.C. 646, 658 (1982); Gordon v. Commissioner,73 T.C. 736, 739 (1980). Rule 121 provides that a party may move *45 for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) states that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law". The summary judgment procedure is available even though there is a dispute under the pleadings if it is shown through materials in the record outside the pleadings that no genuine issue of material fact exists. [10]
The record here contains a complete copy of the notice of deficiency, the petition, answer, a request for admissions, a stipulation of facts with attached exhibits, respondent's motion and respondent's affidavit with attached exhibits. Respondent has amply demonstrated to our satisfaction that there is no genuine issue as to any *46 material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law. In such posture, summary judgment is a proper procedure for disposition of this case. Respondent's Motion for Summary Judgment will be granted in every respect. An appropriate order and decision will be entered.
Footnotes
1. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C. on September 14, 1983. Petitioners did not appear nor did they file a response to respondent's motion.↩
2. All rule references are to the Tax Court Rules of Practice and Rpocedure. ↩
3. All section references are to the Internal Revenue Code of 1954, as amended. Since this is a pre-trial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182 are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.↩
4. See Odend'hal v. Commissioner,75 T.C. 400↩ (1980); Rule 90(a). 5. The original of that request was filed with the Court on February 17, 1983. Rule 90(b). ↩
6. Freedson v. Commissioner,65 T.C. 333, 335 (1975), affd. 565 F.2d 954↩ (5th Cir. 1978); Rules 90(c) and (e).
7. Petitioners reported the wage income they received on their 1979 and 1980 returns.↩
8. The record shows that on February 10, 1983, respondent, in an attempt to provide petitioners an opportunity to support their claimed deductions, served on petitioners a document and interrogatory request. Petitioners failed to respond to either request. Their refusal to produce relevant evidence raises a doubt as to whether the evidence would in fact support their claimed deductions. Roberts v. Commissioner,62 T.C. 834, 839↩ (1974).
9. We observe that venue on appeal of this case lies in the United States Court of Appeals for the Fifth Circuit.↩
10. Such outside materials may consist of affidavits, interrogatories, admissions, documents or other materials which demonstrate the absence of such an issue of fact despite the pleadings. See Note to Rule 121(a), 60 T.C. 1127↩.