HARRY F. FERGUSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ferguson v. Commissioner
Docket No. 29881-83.
United States Tax Court
T.C. Memo 1985-129; 1985 Tax Ct. Memo LEXIS 496; 49 T.C.M. (CCH) 1007; T.C.M. (RIA) 85129; March 25, 1985. Harry F. Ferguson, pro se. Fera Wagner and Dennis L. Perez, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to the provisions of section 7456 and Rules 180 and 181. [1] The Court agrees with and adopts her opinion which is set forth below. *497 OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: Respondent determined deficiencies in petitioner's 1981 Federal income tax in the amount of $9,285, together with additions to tax under section 6651(a) in the amount of $2,321.25, under section 6653(a)(1) of $464.25, under section 6653(a)(2) in the amount of 50 percent of the interest on $9,285, and under section 6654(a) in the amount of $711.97. The determination was based upon unreported income in the amount of $34,269. Petitioner timely filed his petition herein, at which time he was a resident of Anaheim, California. In it, petitioner alleged that he timely filed his tax return for 1981 and generally alleged that respondent's deficiency determinations were in error. The petition also contains the following allegation: The Petitioner has validly claimed his right under the United States Constitution, Amendment 5, 'not to be compelled to be a witness against himself' in said return, in response to specific questions, pursuant to Garner v. United States,424 US 648 and other predecessor cases, as grounds for declining to produce financial information demanded of him by Internal Revenue *498 Service. Petitioner has requested a grant of immunity from the Internal Revenue Service, and from this Court (which was denied) contending that the information sought in the Form 1040 would require him to incriminate himself and could be used against him in the prosecution of a nontax crime. The following colloquy took place after a meeting in chambers: THE COURT: On the record. Mr. Ferguson, you have stated to the Court both on the record and in chambers that you fear that you will be incriminated if you present any information indicating that the amount of income shown on the Commissioner's deficiency determination is incorrect and similarly you will be incriminated if you present to the Court on the record any information about deductions, credits, and exemptions to which you might be entitled and for which you've not been allowed in the Commissioner's deficiency determination. Is that correct? MR. FERGUSON: That's correct, Your Honor. THE COURT: And is it also correct Mr. Ferguson that the Court has explained to you that even if you claim your Fifth Amendment is a valid Fifth Amendment claim, i.e., if in fact your testimony would clearly serve to incriminate you in regard *499 to some crime, State or Federal, that it is nevertheless still your burden as Petitioner in this Court to prove that the Commissioner's deficiency determination is incorrect. MR. FERGUSON: Yes, that's correct, Your Honor. THE COURT: And you understand that? MR. FERGUSON: Well, no, I don't understand that, but you have explained it. THE COURT: But you heard it? MR. FERGUSON: Yes. I did. THE COURT: Do you wish to place into the record, Mr. Ferguson, any information about your income, your deductions, your credits, and/or exemptions to which you may be entitled? MR. FERGUSON: No, I do not, Your Honor, on the grounds that it may tend to incriminate me. Petitioner bears the burden of proving that respondent's deficiency determination is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Despite being counseled by the Court both in open court and in chambers as to his burden of proof, petitioner believed that any of his testimony in this regard would serve to incriminate him in regard to an unstated nontax crime. Petitioner was advised that his Fifth Amendment claim, even if properly invoked, did not serve to meet his burden of proof in the *500 proceeding. We fully subscribe to the statement of the Fifth Circuit in Steinbrecher v. Commissioner,712 F.2d 195, 198 (1983): Even if production of evidence may in fact incriminate a taxpayer, a party is not allowed to use the fifth amendment protection as "a sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his." Rylander,     U.S. at    , 103 S.Ct. at 153, 75 L.Ed.2d at 529; cf.Lyons v. Johnson,415 F.2d 540, 541 (9th Cir. 1969) (civil discovery), cert. denied,397 U.S. 1027, 90 S.Ct. 1273, 25 L.Ed.2d 538 (1970). Nor are the taxpayers entitled to a grant of immunity. In rejecting a similar argument, the Ninth Circuit in McCoy stated: "The Tax Court's denial of the [claimants'] request for a grant of immunity also does not violate the[ir] due process rights. The decision whether to grant immunity rests with the United States, not with the Tax Court." 696 F.2d at 1237. Petitioner continued his refusal to produce evidence with full understanding of the consequences of his action. Our Rule 123(b), concerning *501 a petitioner's failure to prosecute properly and Rule 149(b) concerning a failure to produce evidence in support of an issue of fact where petitioner has the burden of proof, both provide us with ample authority to dismiss this petition and to enter a decision in favor of respondent. [2]
Decision will be entered for the respondent.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We add that petitioner has made no disclosure of any kind indicating that his testimony or records as to his income and deductions would present any real or appreciable danger of self-incrimination--a prerequisite to a valid Fifth Amendment objection in any event. McCoy v. Commissioner,696 F.2d 1234, 1236↩ (9th Cir. 1983).