JOSEPH SULAK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sulak v. Commissioner
Docket No. 11048-84.
United States Tax Court
T.C. Memo 1986-110; 1986 Tax Ct. Memo LEXIS 498; 51 T.C.M. (CCH) 658; T.C.M. (RIA) 86110; March 20, 1986. Joseph Sulak, pro se. Gloria Gooding, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7456 and Rules *499 180 and 183. [1] The Court agrees with and adopts her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: Respondent determined that there was a deficiency in petitioner's 1981 Federal income tax in the amount of $9,416, together with additions to tax under section 6651(a) of $2,354, under section 6653(a)(1) of $470.80, under section 6653(a)(2) of 50 percent of the interest due on $9,416, and under section 6654(a) in the amount of $715.61. The statutory notice is based upon a failure to file a return and a failure to report income of $34,571. Petitioner timely filed his petition herein, at which time he resided at Westminster, California. Petitioner alleged as follows: 4. The determination of tax set forth in the said Notice of Deficiency is based upon the following errors: A. The agent for the Commissioner of Internal Revenue erred by arbitrarily understating deductions. B. The agent for the Commissioner *500 of Internal Revenue erred by arbitrarily overstating taxes in his computation. C. The agent for the Commissioner of Internal Revenue erred by arbitrarily understating credits in his computation. D. The agent for the Commissioner of Internal Revenue erred in arbitrarily computing penalties. E. The agent for the Commissioner of Internal Revenue has abridged Petitioner's Constitutional rights. 5. The facts upon which Petitioner relies are as follows: A. Petitioner has sufficient documentary evidence to prove additional deductions than those allowed by the agent of the Commissioner of Internal Revenue. B. The tax computation method used by the agent for the Commissioner of Internal Revenue is based upon excessive taxable income and overstates Petitioner's tax liability. C. The agent for the Commissioner of Internal Revenue failed to consider all of the credits that Petitioner is entitled as an offset to the tax liability. D. The agent for the Commissioner of Internal Revenue has failed to state a basis for asserting penalties; 1. There has been no disregard for rules and regulations. 2. There has been no intentional disregard for rules and regulations, nor *501 fraud. 3. Petitioner has submitted all information required. 4. Petitioner has filed tax returns in good faith. E. 1. Petitioner has been penalized, coerced, and compelled in an unconstitutional manner to provide information that is not required by law because: (a). Petitioner has not been granted immunity. (b). Petitioner has not been informed that the statute of limitations has run on the use of his testimony against him. E. 2. Petitioner has been denied due process in that no summons has been issued to him in order to allow for a determination as to whether certain information is subject to Fourth and Fifth Amendment rights. Petitioner refused to stipulate in regard to respondent's determination of a failure to report income from wages upon the ground of the Fifth Amendment. Petitioner filed a so-called Fifth Amendment return for his 1981 taxable year. In that return he claimed five exemptions. As to lines 7, 21 and 31 (wages, etc., total income and adjusted gross income, respectively), he had only the word "object." There was no information contained in this putative return which would enable the taxing authorities to compute either his income or the taxes *502 due thereon. Petitioner attached to the "return" a memorandum in which he argued that it would violate his privilege against self-incrimination to fill in the requisite return information and that he was entitled to a grant of immunity before being compelled to answer the questions on a tax return. We have held that such a "return" does not constitute a return for purposed of the Internal Revenue Code. Reiff v. Commissioner,77 T.C. 1169, 1176 (1981). We repeat that holding in regard to the so-called return filed by petitioner. It is not a return within the meaning of the Code. [2]
During 1981 petitioner received $33,796.54 of income from wages as follows: State Construction
$160.72
Duane Electric, Inc.
17,726.86
Gilbert and Stearns, Inc.
753.37
Dynalectric Company
10,831.88
Warner Electric, Inc.
1,229.85
Hi-Lite Electric, Inc.
1,888.46
Powerlite Electric
602.70
Amelco Electric
602.70
He also received unemployment insurance compensation of $780 and interest income of $195. [3]
*503 Petitioner was advised at the beginning of the trial herein that he bore the burden of proving that respondent's determination was incorrect ( Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a)). He was further advised that he bore such a burden even if he in fact was entitled to plead the privilege against self-incrimination. [4] He indicated to the Court that he understood the Court's statements. Nevertheless, petitioner refused to place into evidence information about his income, deductions or credits. He did supply, apparently in support of his claim for exemption deductions for his wife and three children, copies of his marriage certificate and birth certificates of the children. However, he refused to state whether his wife had filed a return or whether she had claimed the children as exemptions. *504 We fully subscribe to the statement of the Fifth Circuit in Steinbrecher v. Commissioner,712 F.2d 195, 198 (5th Cir. 1983), affg. a Memorandum Opinion of this Court: Even if production of evidence may in fact incriminate a taxpayer, a party is not allowed to use the fifth amendment protection as "a sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his." Rylander,     U.S. at    , 103 S.Ct. at 1553, 75 L.Ed.2d at 529; cf.Lyons v. Johnson,415 F.2d 540, 541 (9th Cir. 1969) (civil discovery), cert.denied,397 U.S. 1027, 90 S.Ct. 1273, 25 L.Ed.2d 538 (1970). Nor are the taxpayers entitled to a grant of immunity. In rejecting a similar argument, the Ninth Circuit in McCoy stated: "The Tax Court's denial of the [claimants'] request for a grant of immunity also does not violate the[ir] due process rights. The decision whether to grant immunity rests with the United States, not with the Tax Court." 696 F.2d at 1237
Petitioner continued his refusal to produce evidence with full understanding of the consequences *505 of his action. Under these circumstances, we have no choice but to enter decision on behalf of respondent in regard to the tax deficiency. Additionally, petitioner is liable for the addition to tax under section 6651(a) because he failed to file a return for 1981 and his failure was not due to reasonable cause but instead was due to willful neglect. Further, petitioner is liable for additions to tax under section 6653(a) for his disregard of rules and regulations as evidenced by his knowing failure to file a valid return, as well as the addition under section 6654(a) for his failure to file a return. Respondent moved for an award of damages pursuant to section 6673. Petitioner has filed a 21-page memorandum of law in support of his position in which he cites--and miscites--a multitude of cases. Nowhere, however, does he cite any of the many cases which have rejected his position. See, e.g., Reiff v. Commissioner,supra;Ferguson v. Commissioner,T.C. Memo. 1985-129, on appeal (9th Cir., June 26, 1985). We are led to the inescapable conclusion that petitioner filed and maintained his petition primarily for purposes of delay and that he *506 knew that his position was frivolous. Accordingly, we award damages to the United States in the amount of $5,000. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise indicated.↩
2. Petitioner was advised of this fact by the Internal Revenue Service shortly after he filed the Fifth Amendment↩ return.
3. We note that petitioner's unreported income totals $34,772. However, the notice of deficiency indicates $34,571. Respondent has not explained the $201 difference and since respondent did not file an amended answer, we treat only the sum shown in the notice, $34,571, as in controversy.↩
4. There is no evidence in the record to indicate that there are any criminal proceedings pending or contemplated against petitioner. The record indicates that petitioner has never been criminally investigated by the Internal Revenue Service. A prerequisite to a valid Fifth Amendment objection by petitioner would be some disclosure of a real or appreciable danger of self-incrimination. McCoy v. Commissioner,696 F.2d 1234, 1236 (9th Cir. 1983), affg. 76 T.C. 1027↩ (1981). Petitioner has made no such disclosures.