HERMAN T. BOAZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boaz v. Commissioner
Docket No. 5565-85.
United States Tax Court
T.C. Memo 1987-180; 1987 Tax Ct. Memo LEXIS 176; 53 T.C.M. (CCH) 512; T.C.M. (RIA) 87180; April 2, 1987. Herman T. Boaz, pro se. James J. Everett, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: This case was assigned to and heard by Special Trial Judge Daniel J. Dinan, pursuant to the provisions of section 7456(d) (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) *177 of the Code and Rules 180, 181 and 183. [1] The Court agrees with and adopts his opinion which is set forth below: OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: For convenience and clarity, the findings of fact and conclusions of law have been combined in this opinion. Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Section
Section
Section
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
1981
$9,220.00
$2,234.00
$461.00
*
1982
2,185.00
546.25
109.25 ** At trial, respondent also moved for damages pursuant to section 6673. The issues for decision are (1) whether petitioner had unreported taxable income during the years 1981 and 1982, (2) whether petitioner is liable for additions to tax pursuant to *178 sections 6651(a)(1), 6653(a)(1) and 6653(a)(2) and, (3) whether damages should be awarded to the United States pursuant to section 6673. Some of the facts have been stipulated. The stipulations of fact and exhibits attached thereto are incorporated by this reference. At the time the petition herein was filed, petitioner resided in Kingman, Arizona. On his Federal income tax returns for 1981 and 1982, petitioner entered his name, address and signature. On each line of the return where he was asked to provide the information required to compute his income tax liability, petitioner entered an asterisk. On the bottom of each page of each return, petitioner wrote the following: * This means specific objection is made under the Fifth Amendment, U.S. Constitution. Similar objection is made to the question under the First, Fourth, Seventh, Eighth, Ninth, and Fourteenth Amendment for civil issues. On the top of each page of each return, petitioner wrote: I offer to refile or amend this return exactly as you wish it if you will show me how to do so without waiving my constitutional rights. On June 8, 1983, respondent mailed to petitioner and his wife two letters regarding their *179 1981 and 1982 tax years, informing them that their Forms 1040 for 1981 and 1982 were not acceptable because they did not contain information that the law required and did not comply with certain requirements of the Internal Revenue Code. Respondent attached to his letters of June 8, 1983, the legal requirements for filing Federal individual income tax returns. He also enclosed blank income tax return forms and an addressed envelope for petitioner's convenience in filing proper returns. Petitioner ignored respondent's letters of June 8, 1983, and the information attached to them. Separate notices of deficiency for the years 1981 and 1982 were mailed to petitioner on December 14, 1984. Petitioner timely filed his petition in this case on March 11, 1985. In correspondence to petitioner dated October 10, 1985, October 16, 1985 and November 19, 1985, respondent requested that petitioner submit information to show what he contended were his income, deductions and exemptions for 1981 and 1982; he refused. In numerous meetings with petitioner prior to trial, respondent advised petitioner that his various constitutional arguments were frivolous and informed him that if he persisted *180 in pursuing his frivolous arguments, respondent would move for the imposition of damages pursuant to section 6673. Petitioner would not be deterred. At the trial of this case, the Court specifically inquired of counsel for respondent whether any criminal investigation of petitioner by the Internal Revenue Service had been done, was presently being done, or was intended to be done. Respondent answered, "No." The Court then admonished petitioner to proceed with his case because his constitutional objections, e.g. his reliance on the Fifth Amendment, were unfounded. Petitioner refused to submit any evidence but asked the Court to consider his trial memorandum which he filed at trial. That memorandum consists of nineteen (19) pages of cases on the rights of individuals under the Fifth Amendment. We have frequently held that the privilege against self-incrimination under the Fifth Amendment does not apply where the possibility of criminal prosecution is remote or unlikely, and remote or speculative possibilities of prosecution for unspecified crimes are not sufficient. Rechtzigel v. Commissioner,79 T.C. 132 (1982), affd. per curiam 703 F.2d 1063 (8th Cir. 1983); *181 Reiff v. Commissioner,77 T.C. 1169 (1981); McCoy v. Commissioner,76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983); Burns v. Commissioner,76 T.C. 706 (1981); Wilkinson v. Commissioner,71 T.C. 633 (1979); Ryan v. Commissioner,67 T.C. 212 (1976), affd. 568 F.2d 531 (7th Cir. 1977); Roberts v. Commissioner,62 T.C. 834 (1974). The burden is upon the taxpayer to show that the Commissioner's determination is incorrect. Welch v. Commissioner,290 U.S. 111 (1933); Rule 142(a). In Steinbrecher v. Commissioner,712 F.2d 195 (5th Cir. 1983), the court stated at 198: In any event, the taxpayers may not use the fifth amendment privilege, even when properly invoked, to meet their burden of proof in civil proceedings they have instituted. United States v. Rylander, [460 U.S. 752, 758], 103 S.Ct. 1548, 1553, 75 L.Ed. 2d 521, 529 (1983); Urban v. United States,445 F.2d 641, 643 (5th Cir. 1971) (per curiam), cert. denied, 404 U.S. 1015, 92 S.Ct. 675, 30 L.Ed.2d 663 (1972). *182 Even if production of evidence may in fact incriminate a taxpayer, a party is not allowed to use the fifth amendment protection as "a sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his." Rylander, [460 U.S. at 758], 103 S.Ct. at 1553, 75 L.Ed.2d at 529; cf. Lyons v. Johnson,415 F.2d 540, 541 (9th Cir. 1969) (civil discovery), cert. denied, 397 U.S. 1027, 90 S.Ct. 1273, 25 L.Ed.2d 538 (1970). Petitioner has failed to carry his burden and we therefore find for respondent. Section 6673 authorizes us to award damages whenever we determine that proceedings before the Court have been instituted or maintained by the taxpayer primarily for delay or when the taxpayer's position in such proceedings is frivolous or groundless. Petitioner was advised repeatedly by respondent during the preparation of this case for trial that his position had frequently been rejected by this Court. At trial, although the Court informed petitioner that his claim of privilege under the Fifth Amendment was not valid, petitioner refused to offer any evidence to satisfy *183 his burden. In his nineteen page trial memorandum, in which he cited to innumerable cases on individuals' rights under the Fifth Amendment, petitioner conveniently omitted reference to any of this Court's numerous decisions in which we specifically rejected the position taken by him in this case. We have no doubt that petitioner instituted and maintained this suit to delay the assessment and collection of taxes due from him to the Government. Accordingly, damages will be awarded to the United States pursuant to section 6673 in the amount of $5,000. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on the underpayment of $9,220.00. ** 50% of the interest due on the underpayment of $2,185.00.↩