JOHN J. McCARTHY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCarthy v. Commissioner
Docket No. 42238-86.
United States Tax Court
T.C. Memo 1987-526; 1987 Tax Ct. Memo LEXIS 517; 54 T.C.M. (CCH) 892; T.C.M. (RIA) 87526; October 8, 1987. John J. McCarthy, Pro se. Elise Frost Alair, for the respondent. DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d) of the Code (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) of the Code and Rules 180, 181 and 182. [1]
Respondent determined deficiencies in John J. McCarthy's (hereinafter referred to as petitioner) 1979, 1980 and 1981 Federal *519 income taxes and additions to tax as follows: Additions to Tax
Section
Section
Section
Section
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654
1979
$ 2,439.60
$ 602.27
$ 121.98
- 0 -
$ 100.05
1989
2,436.31
609.07
121.82
- 0 -
155.89
1981
4,188.37
1,047.09
209.42
*
320.95
At trial, respondent also moved for damages pursuant to section 6673. The issues for decision are (1) whether petitioner had unreported taxable income during the years in issue, (2) if so, whether that income was subject to the self-employment tax under section 1401, (3) whether petitioner may deduct certain medical expenses, business expenses and sales taxes for the years 1979, 1980, and 1981, (4) whether petitioner is liable for additions to tax pursuant to sections 6651(a)(1), 6653(a)(1), 6653(a)(2) and 6654, and (5) whether damages should be awarded to the United States pursuant to section 6673. Some of the facts have been stipulated. The stipulations of fact and attached exhibits are incorporated by this reference. Petitioner resided in *520 Bethany, Connecticut, at the time he filed his petition. Petitioner received payments from the following sources during 1979, 1980 and 1981: 1979
Main Street Management (wages)
$ 13,097.41
Main Street Management (nonempl. comp.)
1,723.50
$ 14,820.91
1980
Main Street Management (wages)
$ 99.36
Fidelity Management Corp. (Nonempl. Comp.)
3,375.00
Gemstone Trading Corp. (Nonempl. Comp.)
2,491.55
Diamond Trading Group (Nonempl. Comp.)
5,100.90
Ida Lee Barker (Gary Assoc.) (Nonempl. Comp.)
456.10
ESBF Group Plan (Nonempl. Comp.)
37.08
$ 11,559.99
1981
Pension Associates (Nonempl. Comp.)
$ 1,065.00
Ida Lee Barker Assoc.(Nonempl. Comp.)
698.00
Ida Lee Barker Assoc. (Nonempl. Comp.)
698.00
Integrated Resources Equity Corp. (Comms.)
13,876.30
$ 16,337.30
Petitioner did not file an income tax return for any of the years 1979, 1980 and 1981. Respondent issued a statutory notice of deficiency for the taxable years 1979, 1980, and 1981 on August 8, 1986, in which he determined that petitioner received income in the amounts of $ 14,820.91 in 1979, $ 11,559.99 in 1980, and $ 16,337.30 in 1981. Respondent allowed *521 petitioner a personal exemption of $ 1,000 in 1981. [2] Respondent also determined that petitioner was liable for the self-employment tax under section 1401 et seq. Respondent did not allow any deductions for medical expenses, business expenses, or sales taxes. Finally, respondent determined that petitioner was liable for additions to tax for failure to file a return, negligence, and failure to pay estimated taxes. Petitioner filed a petition with this court and the case was set for trial. Prior to trial, respondent presented petitioner with a copy of Boaz v. Commissioner,T.C. Memo. 1987-180, in which this Court awarded damages to the United States because petitioner pursued frivolous Fifth Amendment arguments. At trial, respondent moved for damages and this Court advised petitioner not to contest well-settled issues of law. At trial, petitioner began a recitation of his arguments that he is not a person required to file Federal income tax returns within the meaning of section 6012. He also argued that the income tax is a direct tax that violates his constitutionally *522 guaranteed rights. In support of his position, petitioner submitted a trial memorandum excerpting language in favor of his position from Supreme Court decisions. Petitioner then refused to answer questions which asked why he failed to file income tax returns on the basis of the Fifth Amendment privilege against self-incrimination. This Court specifically inquired of counsel for respondent whether any criminal investigation of petitioner by the Internal Revenue Service had been done, was presently being done, or was intended to be done. Respondent answered in the negative. After being informed by the Court that his legal arguments were without merit, petitioner tried to substantiate his claimed deductions for medical expenses purportedly incurred in seeking treatment for his son's terminal cancer and expenses incurred in petitioner's business. To substantiate his deductions, petitioner submitted two documents which were excluded from evidence as hearsay, and a noncontemporaneous diary or business expenses which he had prepared for trial, which was also excluded from evidence. Petitioner's legal arguments concerning the taxation of income have been repeatedly rejected by this *523 Court. Rowlee v. Commissioner,80 T.C. 1111, 1119-1122 (1983), and cases cited therein. Income has been defined as "gain derived from capital, from labor, or from both combined." Eisner v. Macomber,252 U.S. 189, 207 (1920). Gross income encompasses all realized accessions to wealth. Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955). This record clearly shows that petitioner had income from whatever source derived. He also had income in excess of $ 1,000 for each of the years in issue and was required to file Federal income tax returns pursuant to the provisions of section 6012(a)(1)(A). Petitioner's reliance on the Fifth Amendment is patently unfounded. The privilege against self-incrimination does not apply where the possibility of criminal prosecution is remote or unlikely, and remote or speculative possibilities of prosecution are not sufficient to invoke the privilege. Rechtzigel v. Commissioner,79 T.C. 132 (1982), affd. per curiam 703 F.2d 1063 (8th Cir. 1983); Reiff v. Commissioner,77 T.C. 1169 (1981); McCoy v. Commissioner,76 T.C. 1027 (1981), *524 affd. 696 F.2d 1234 (9th Cir. 1983); Burns v. Commissioner,76 T.C. 706 (1981). Petitioner submitted no admissable evidence to substantiate the deductions claimed by him for 1979, 1980 and 1981. He failed to carry his burden of proving that respondent's determinations in the statutory notice of deficiency were incorrect. Accordingly, we find for respondent on these issues. The remaining issue for determination is whether damages should be awarded to the United States pursuant to section 6673. Section 6673 authorizes us to award damages whenever we determine that proceedings before the Court have been instituted or maintained by the taxpayer primarily for delay, or when the taxpayer's position is frivolous or groundless. Although petitioner relied on certain positions which frequently have been declared frivolous by this Court, he did attempt to present evidence to substantiate amounts pent by him for his son's medical expenses and certain business expenses which, if admissable, may have lowered the amount of the deficiencies. His failure to submit admissable evidence was in part responsible for his failure to meet his burden of proof. Under *525 the unique facts of this case, we decline to award damages. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
*. 50% of the interest due on the underpayment of $ 4,188.37 ↩
2. The personal exemptions for 1979 and 1980 were incorporated in the tax tables for those years. ↩