## Loftus v. Consolidated Rail Corp.

*Dennis R. Sheaffer,* for plaintiff.
*Craig Staudenmaier,* for defendant.

HESS, *J.,* January 25, 1991—This case arises under the Federal Employers' Liability Act, 45 U.S.C. 51 et seq. and is a case wherein the plaintiff alleges the liability of Conrail for emotional stress

and mental anguish arising out of a false accusation of Conrail against the plaintiff.

Specifically, following the theft of funds that occurred at Conrail's Enola facility, the plaintiff was accused of having stolen the funds by Conrail. According to the complaint, it was subsequently established that another individual was guilty of the theft.

Currently before us is the plaintiff's motion for protective order with regard to a subpoena issued by Conrail for the deposition of Elizabeth H. Hoffman, Ph.D., a licensed psychologist who treated the plaintiff, Vincent P. Loftus, subsequent to the incidents referred to in the complaint. Also before the court is a motion of the defendant seeking, by way of answer to an interrogatory, disclosure of any and all mental health care providers who have treated the plaintiff since the incidents which are the subject of this lawsuit.

The common element of the two motions before us is that they request, or seek to prohibit, disclosure of information regarding the plaintiff's psychological condition, evaluation and treatment. The plaintiff is seeking its protective order and, in refusing to answer the interrogatory of the defendant, asserts the privilege set forth in 42 Pa.C.S. 5944:

"5944. *Confidential communications to psychiatrists or licensed psychologists*

"No psychiatrist or person who has been licensed under the act of March 23, 1972, (P.L. 136, no. 52) to practice psychology shall be, without the written consent of his client, examined in any civil or criminal matter as to any information acquired in the course of his professional services in behalf of such client. The confidential relations and communications between a psychologist or psychiatrist and his

client shall be on the same basis as those provided or prescribed by law between an attorney and client." July 9, 1976, P.L. 586, no. 142, section 2, effective June 27, 1978.

Both counsel agree that the mental condition of the plaintiff and the attendant alleged damage thereto are among the main issues in this case. For this reason, the defendant has argued that it "defies the principle of justice and equity if plaintiff is permitted to submit a claim for alleged emotional and mental injury and yet forbid the party against [sic] whom the claims are made from discovery of the nature and extent of those allegations." We agree. We do not mean to suggest, by this, that the statements of the plaintiff to his psychologist are not privileged. To the contrary, they are. By the same token, however, the privilege can be waived, and must be if the plaintiff intends to pursue claims for psychological damages.

Issues similar to those at bar were dealt with by Judge Wettick in *Nicholaides v. Weber,* 133 Pitts. L.J. 260 (1985). That was a medical malpractice action in which the complaint alleged, inter alia, that the plaintiff suffered severe emotional trauma and depression and required continuing psychiatric treatment. In that case, Judge Wettick analogized to another well-established privilege; namely, that against self-incrimination.

"Even the privilege against self-incrimination, which should receive greater protection than the psychiatrist-patient privilege because it is constitutionally based and protects the claimant's liberty, cannot be asserted in most jurisdictions for the purpose of barring discovery of relevant information sought to defend a civil action for affirmative relief. The rationale for this result is set forth in the

frequently cited case of *Lyons v. Johnson,* 415 F.2d 540 (9th Cir. 1969).

"Her obtaining of this shield, however, could not provide a sword to her for achieving assertion of her claims against the defendants without having to conform to the processes necessary to orderly and equal forensic functioning. Clearly, the process of discovery has become increasingly recognized as one of the primary and essential elements in making federal court business flow and in contributing to the accomplishing of trial justice or settlement termination of litigation. The scales of justice would hardly remain equal in these respects, if a party can assert a claim against another and then be able to block all discovery attempts against him by asserting a Fifth Amendment privilege to any interrogation whatsoever upon his claim. If any prejudice is to come from such a situation, it must, as a matter of basic fairness in the purposes and concepts on which the right of litigation rests, be to the party asserting the claim and not be the one who has been subjected to its assertion. It is the former who has made the election to create an imbalance in the pans of the scales. [*Lyons* at] 542." *Nicholaides* at 261.

In conclusion, Judge Wettick agreed with the plaintiff that there was a statutory (and possibly even a constitutional) right to protect her psychiatric records from involuntary disclosure. On the other hand, he observed that she also had the right to release the records to third parties. In the end, Judge Wettick gave the choice to the plaintiff to either release her psychiatric records or be barred from pursuing her claim for emotional damages requiring psychiatric care. We believe that the requirement for such an election is the appropriate resolution of the discovery matter sub judice.

There is also authority for this proposition in the federal courts. In the case of *Miller v. Colonial Refrigerated Transportation Inc.,* 81 F.R.D. 741 (M.D. Pa. 1979). There the plaintiff's claim was that she had suffered "mental and emotional injuries in the form of post-traumatic neurosis." *Id.* at 742. While Judge Herman found that 42 Pa.C.S. 5944, prior to its amendment, did not pertain to psychiatrists, Judge Herman in discussing whether or not there was a constitutional right to have such records barred from disclosure, concluded that the compelling interest presented in conducting fair and impartial litigation overrode the patient's right of privacy, particularly when the patient placed in issue a condition as to which those records would be relevant. He referred specifically to the decision of the 9th Circuit Court of Appeals in *Caesar v. Mountanos,* 542 F.2d 1064 (9th Cir. 1976) *cert. denied,* 430 U.S. 954, remarking that:

"The compelling state interest was found in seeing that truth is ascertained in legal proceedings in the state's courts of law, and the court also alluded to a fairness requirement by stating, 'Every person who brings a lawsuit under our system of jurisprudence must bear disclosure of those facts upon which his claim is based.' 542 F.2d at 1068." 81 F.R.D. at 746.

The weight of existing case authority clearly provides that in order to pursue psychological damages, the plaintiff must accede to discovery with respect to mental-health care providers with whom he or she has consulted. We will therefore deny the plaintiff's protective order and direct an answer to the defendant's interrogatory with the understanding that, should the plaintiff continue to insist upon the

assertion of statutory privilege, then his claim for emotional and mental injury will be dismissed.

## ORDER

And now, January 25, 1991, the motion of the defendant to compel answers to its interrogatory is granted. The plaintiff's motion for a protective order is denied. Should the plaintiff fail to comply with the requirements of the discovery order, the sole sanction to be imposed will be the dismissal of any and all claims of the plaintiff for emotional and/or psychological injury.