65 F.3d 175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Warees Ibn MUZAKKIR, Plaintiff-Appellant,
v.
Augustine VILLASENOR, Defendant-Appellee.
 No. 94-16626.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Warees Muzakkir appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action pursuant to Fed.R.Civ.P. 37(b) for failure to comply with the district court's discovery orders. Muzakkir contends that (1) the district court lacked authority to issue the orders because the discovery deadline had passed, and (2) he did not have to submit to discovery because to do so would have violated his Fifth Amendment privilege against self-incrimination. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review sanctions imposed under Rule 37 for abuse of discretion. Refac Int'l, Ltd. v. Hitachi, Ltd., 921 F.2d 1247, 1254 (9th Cir.1990). Under Fed.R.Civ.P. 37(b)(2)(C), the district court may enter a default judgment as a sanction against a party who fails to comply with a discovery order. Dismissal is an appropriate sanction if a party has evinced "willfulness, bad faith, or fault." Id.
 
 
 4
 Muzakkir's first contention, that the district court lacked authority to order him to submit to defendant's deposition because the discovery deadline had passed, lacks merit. The district court had authority to issue its order on March 11, 1994, allowing for Muzakkir's deposition, because defendant's timely motion to extend discovery still was pending.
 
 
 5
 The district court's subsequent June 7, 1994 order to compel Muzakkir to submit to defendant's deposition merely sought compliance with the court's timely March 11, 1994 order allowing for the deposition to be taken. Accordingly, the district court did not abuse its discretion by issuing the June 7, 1994 order to compel discovery even though by that time the discovery deadline had passed. See Little v. Seattle, 863 F.2d 681, 685 (9th Cir.1988) (holding that district court maintains broad discretion in controlling discovery and its ruling will be upheld absent clear abuse of discretion).
 
 
 6
 Muzakkir's second contention, that the Fifth Amendment's privilege against self-incrimination entitled him to refuse, in a blanket manner, to answer all of the defendant's questions lacks merit. See Lyons v. Johnson, 415 F.2d 540, 542 (9th Cir.1969, (holding Rule 37 sanctions proper where civil plaintiff "block[ed] all discovery attempts against him by asserting a Fifth Amendment privilege to any interrogation whatsoever upon his claim"), cert. denied, 397 U.S. 1027 (1970). Moreover, Muzakkir failed to establish how, in light of a prior conviction that involved the same facts as those underlying his section 1983 claim, he could be incriminated by answering defendants' questions. See Wall v. INS, 722 F.2d 1442, 1443 (9th Cir.1984) (holding that party may not assert Fifth Amendment privilege for testimony involving a matter for which he has already been convicted and for which there is no threat of future convictions); Baker v. Limber, 647 F.2d 912, 917 (9th Cir.1981) (holding that once trial court makes a determination that there is no danger of self-incrimination, party asserting privilege bears the burden of showing how privilege applies).
 
 
 7
 The district court repeatedly warned Muzakkir that failure to comply with its orders could result in dismissal of his action. Given these circumstances, the district court did not abuse its discretion by dismissing Muzakkir's action pursuant to Rule 37(b). See Refac, 921 F.2d at 1254; Lyons, 415 F.2d at 542.
 
 
 8
 Muzakkir's contention that the district court erred by denying his Fed.R.Civ.P. 60(b) motion for relief from judgment also lacks merit. In the Rule 60(b) motion, Muzakkir alleged that dismissal of his action was improper because defendants failed to notify him of their motion to dismiss. The motion to dismiss, however, contained the appropriate certificate of service averring that the motion was mailed properly. Moreover, given Muzakkir's repeated refusals to comply with discovery and the fact that he was on notice that his action could be dismissed, the district court did not abuse its discretion by concluding that relief under Rule 60(b) was unwarranted. See Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (holding that district court ruling on a Rule 60(b) motion is reviewed for abuse of discretion and will be reversed "only upon a clear showing of abuse of discretion).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Muzakkir's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3