LAURA HETTLER, TRUSTEE, TRANSFEREE, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Hettler v. Commissioner
Docket Nos. 29430-83, 29431-83, 29432-83, 29433-83.
United States Tax Court
T.C. Memo 1986-115; 1986 Tax Ct. Memo LEXIS 492; 51 T.C.M. (CCH) 673; T.C.M. (RIA) 86115; March 24, 1986. Clarence W. Steinbrecher, pro se. David W. Johnson, for the respondent. PAJAK
MEMORANDUM OPINION PAJAK, Special Trial Judge: These consolidated cases were assigned pursuant to section 7456(d) and Rules 180 and 181 with respect to respondent's Motion for Summary Judgment *493 filed pursuant to Rule 121. [2]
Respondent determined deficiencies in and additions to the Federal income taxes of petitioners Clarence W. Steinbrecher and Jeanette D. Steinbrecher (referred to as Mr. and Mrs. Steinbrecher, or the Steinbrechers) for 1980 and 1981 as follows: Docket No. 29432-83 Clarence W. Steinbrecher
Additions To Tax Under Sections
Year
Deficiency
6651(a)
6653(a)
6654
1980
$3,911.98
$ 978.00
$195.60
$267.59
1981
$5,341.78
$1,335.45
$267.09
$409.24
Docket No. 29433-83 Jeanette D. Steinbrecher
Additions To Tax Under Sections
Year
Deficiency
6651(a)
6653(a)
6654
1980
$1,938.00
$484.50
$ 96.90
$123.38
1981
$2,627.00
$656.75
$131.35
$201.27
Respondent further determined that pursuant to section 6901 petitioner Laura Hettler (petitioner) was liable as transferee of assets of the Steinbrechers for the 1980 and 1981 deficiencies and additions *494 to tax as well as those for Mr. and Mrs. Steinbrecher for the taxable years 1975 to 1979 as set forth below: [3]
Laura Hettler, Trustee, Transferee
Docket No. 29430-83
Jeanette D. Steinbrecher
Additions To Tax Under Sections
Year
Deficiency
6651(a)
6653(a)
6654
1977
$5,614.70
280.74
1978
5,556.13
1,389.03
277.81
177.40
1979
1,559.00
389.75
77.95
65.18
1980
1,938.00
484.50
96.90
123.38
1981
2,627.00
656.75
131.35
201.27
Docket No. 29431-83
Clarence W. Steinbrecher
1975
$1,924.03
$481.01
$96.20
$83.30
1976
2,382.58
593.76
119.13
88.47
1977
2,652.72
652.91
132.64
92.58
1978
6,857.44
1,714.36
342.87
218.92
1979
2,718.00
679.50
135.90
113.64
1980
3,911.98
978.00
195.60
267.59
1981
5,341.78
1,335.45
267.09
409.24
Respondent also determined that Mr. and Mrs. Steinbrecher were liable for additions to tax under section 6653(a)(2) for the taxable year 1981 on $5,341.78 and $2,627, respectively, which amounts were attributable to negligence. Respondent also determined that petitioner as transferee was liable for those section 6653(a)(2) additions. *495 At the time they filed their respective petitions, petitioners Laura Hettler, Clarence W. Steinbrecher and Jeanette D. Steinbrecher, resided in San Antonio, Texas. By letter dated July 3, 1984, respondent attempted to obtain information, books, and documents from petitioners. Respondent also attempted to have petitioners stipulate to those facts not in dispute. Petitioners failed to respond to respondent's letter and refused to stipulate to any facts as required by Rule 91(a). On August 14, 1984, respondent served on each of the petitioners respondent's Request for Admissions.On that same date, respondent also served on each of the petitioners respondent's Request for Documents and respondent's Interrogatories to Petitioners. Petitioners were required to respond to the Request for Admissions and Documents by September 13, 1984 and to the Requests for Interrogatories by September 28, 1984. Petitioners failed to respond or object to respondent's Request for Admissions as required by Rule 90.[4] Further, no motion was made by them under Rule 90 to withdraw or modify the admissions. Accordingly, pursuant to Rule 90(c) each of the requests contained in Respondent's Request for *496 Admissions were deemed admitted on September 13, 1984. Freedson v. Commissioner,65 T.C. 333 (1975), affd. on another issue 565 F.2d 954 (5th Cir. 1978); Morrison v. Commissioner,81 T.C. 644 (1983). *497 On October 1, 1984, respondent filed Motions for Summary Judgment pursuant to Rule 121 on the basis that no material issue of fact remained by virtue of the deemed admissions. On November 5, 1984, the Court received petitioner's response to respondent's motion which was signed by Mr. Steinbrecher and filed in each docket. At the hearing on respondent's motion in San Antonio, Texas, appearances were made initially by Mr. Steinbrecher and subsequently by each of the other petitioners, as well as by counsel for respondent.Mr. Steinbrecher was designated the spokesman for the petitioners. The issue for decision is whether respondent's Motions for Summary Judgment should be granted. We must first decide whether there are deficiencies in and additions to tax due from the Steinbrechers for the taxable years 1980 and 1981. During 1980 and 1981, Mr. Steinbrecher received commissions from various insurance firms and one other company totaling $24,370.08 and $29,191.18, respectively. Mr. Steinbrecher did not file a form 1040 for 1980 and 1981. [5] For the taxable years 1978-1981, Mrs. Steinbrecher did not file any forms 1040. *498 Since petitioners failed to respond to respondent's Request for Admissions, all of the facts supporting his determination with respect to the Steinbrechers' tax liabilities for 1980 and 1981 have been deemed admitted. Accordingly, we find that there are now due from Mr. and Mrs. Steinbrecher the deficiencies in and additions to income tax for 1980 and 1981 as determined in respondent's individual notices of deficiencies in docket numbers 29432-83 and 29433-83. Freedson v. Commissioner,supra;Morrison v. Commissioner,supra; Rule 90(c). As we find below, the Steinbrechers have been made insolvent by the transfer of real property to petitioner. We must therefore decide whether petitioner is a transferee of the Steinbrechers' within the meaning of section 6901 and liable for their income tax liabilities as set forth in respondent's notices of deficiencies in docket numbers 29430-83 and 29431-83, respectively. Section 6901 provides for the assessment and collection of unpaid taxes from the transferee of the taxpayer who incurred the tax liability. This provision, however, does not create any separate liability; it merely provides a secondary *499 method for enforcing the existing liability of the transferor. Segura v. Commissioner,77 T.C. 734, 742 (1981); C.B.C. Super Markets Inc. v. Commissioner,54 T.C. 882, 898 (1970). Whether a transferee is actually liable for the unpaid income tax liability of the transferor is determined under the laws of the state in which the property transfer occurred. Commissioner v. Stern,357 U.S. 39, 45 (1958). Section 6901(h) defines a transferee as follows: As used in this section, the term "transferee" includes donee, heir, legatee, devisee, and distributee * * *. A transferee has been judicially defined as one who takes the property of another without full, fair and adequate consideration to the prejudice of the rights of creditors. First National Bank of Chicago v. Commissioner,255 F.2d 759 (7th Cir. 1958). Under section 6902, respondent has the burden of proving that petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax. Clarence W. Steinbrecher and Jeanette D. Steinbrecher are husband and wife and were married on August 21, 1976.Petitioner is *500 related to them. Since 1976, Mr. and Mrs. Steinbrecher have resided at 66 Wayside Drive, San Antonio, Texas (residence). In March, 1977, Mr. Steinbrecher Transferred the residence by warranty deed to Mrs. Steinbrecher. In March, 1982, Mrs. Steinbrecher transferred the residence to petitioner as trustee for her son, Wade Steinbrecher. Petitioner gave no consideration to either Mr. or Mrs. Steinbrecher for the transfer of the residence. On the date of the March 1982 transfer, the fair market value of the residence was in excess of the total deficiencies in and additions to income tax due from Mr. and Mrs. Steinbrecher. Their individual equities in the property on this date were not less than the total amount due from them. As a result of this transfer, Mr. and Mrs. Steinbrecher were each rendered and are insolvent and without assets with which to pay the deficiencies, additions to tax and interest due for the years 1975 to 1981. We find that the transfer of property by the Steinbrechers to petitioner was made with the intent to hinder, delay, or defraud creditors, and the transfer has in fact hindered and delayed the Internal Revenue Service from collecting Federal income *501 tax and interest due from them. Tex. Bus. & Com. Code Ann. sec. 24.02 (Vernon 1968). [6]
*502 In his Request for Admissions, respondent in paragraph 34 omitted the number 1979 in the paragraph which stated that petitioner was liable as a transferee for the taxes of Mr. Steinbrecher for "1975, 1976, 1977, 1978, 1980, and 1981." This paragraph is inconsistent with paragraph 32 where respondent properly states that by notice of deficiency he determined that petitioner was liable as a transferee of Mr. Steinbrecher for the years 1975, 1976, 1977, 1978, 1979, 1980, and 1981. We need not rest our determinations for 1979 only on the likely fact that paragraph 34 contained an inadvertent omission overlooked by respondent and apparently by petitioners since there was no mention of this at any time. Under Texas law the entire transfer of property to petitioner not for value is void as to respondent. V.T.C.A. Bus. & C. section 24.03(a). Moreover, since we find that petitioner is a transferee under section 6901 for 1975, 1976, 1977, and 1978, it follows that she was a transferee for all subsequent years, including 1979. Rule 121(b) provides that a decision shall be entered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, *503 together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. All of the requirements for finding petitioner's tax liability as the transferee of property under section 6901 have been met by respondent with respect to all years in issue, and thus there is no genuine issue as to any material fact. Rule 121(b). We have found that there are income tax liabilities due from the Steinbrechers for 1980 and 1981. We also find that petitioner is liable as their transferee for all years in issue. Respondent's motions will be granted. Rule 121. In answers filed in docket numbers 29432-83 and 29433-83, respondent affirmatively alleged that damages should be awarded to the United States pursuant to section 6673. By order dated February 23, 1984, we granted respondent's motion pursuant to Rule 37(c) and deemed admitted those portions of respondent's answer in docket number 29432-83 supporting the affirmative allegation for section 6673 damages. At the hearing held on respondent's Motion for Summary Judgment, petitioners failed to produce any documents or provide the Court with any evidence that *504 would effectively raise issues as to any material facts. Instead, Mr. Steinbrecher attempted to rehash those issues already settled in a previous litigation and reiterate the tax protester arguments he used there. Steinbrecher v. Commissioner,T.C. Memo. 1983-12, affd. 712 F.2d 195 (5th Cir. 1983). Congress has granted this Court the authority to award the United States up to $5,000 whenever it appears to this Court that proceedings before it have been initiated or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless. Section 6673. After a careful review of the record and in light of the manner in which the Steinbrechers have conducted this case, considering the outcome of their previous litigation, and our February 23, 1984 Order in docket number 29432-83, we find that the proceedings in docket numbers 29432-83 and 29433-83 were instituted and maintained primarily for delay and that the Steinbrechers' position in those proceedings is frivolous and groundless. Accordingly, we award to the United States damages of $5,000 in docket number 29432-83 and $3,500 in docket number *505 29433-83. Decision will be entered for the respondent in Docket Nos. 29430-83, 29431-83. 29432-83, and 29433-83.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Clarence W. Steinbrecher, Transferor, Laura Hettler, Trustee, Transferee, docket No. 29431-83; Clarence W. Steinbrecher, docket No. 29432-83; and Jeanette D. Steinbrecher, docket No. 29433-83.↩
2. All section references are to the Internal Revenue Code of 1954 as in effect during the taxable years in issue, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. The Federal income tax liabilities of Mr. Steinbrecher for 1975 to 1979 and those of Mrs. Steinbrecher for the years 1977 to 1979 have been previously adjudicated by this Court. Steinbrecher v. Commissioner,T.C. Memo. 1983-12, affd. 712 F.2d 195↩ (5th Cir. 1983). These liabilities are therefore not at issue here except to the extent that petitioner may be liable for them as a transferee under section 6901.
4. On October 2, 1984, respondent received several documents sent in response to his various requests. Among the documents received was petitioner's response to respondent's Request for Admissions. We observe that in addition to being untimely, this document does not satisfactorily comply with the substantive requirements of Rules 90(c). Petitioner also sent her response to respondent's request for documents and interrogatories as did Mr. and Mrs. Steinbrecher. These responses, however, do not comply with Rules 71 and 72, respectively. In fact, "Petitioner's Answer For Respondent's Interrogatories" contains tax-protester type arguments previously rejected by both this Court and the Fifth Circuit in Steinbrecher v. Commissioner,T.C. Memo. 1983-12, affd. 712 F.2d 195 (5th Cir. 1983), in opinions filed before the petitions of petitioner and the Steinbrechers were filed. Mr. and Mrs. Steinbrecher have never responded to respondent's Request for Admissions.↩
5. This fact is deemed admitted by Order of this Court dated February 23, 1984, which deemed admitted subparagraphs (a) through (f) of paragraph 6 of respondent's answer in Docket No. 29432-83. For the taxable years 1975-1980, Mr. Steinbrecher filed with the Internal Revenue Service Forms 1040 on which he reported no income, no income tax liability, and on which he stated objections based on the Fourth and Fifth Amendments to the United States Constitution↩. The returns for 1975-1979 were rejected by this Court and the Fifth Circuit as not being valid Federal income tax returns. The same statements of both Courts also apply to the return for 1980.
6. Sections 24.02 and 24.03 of Tex. Bus. & Com. Code Ann. (Vernon 1968) provide in pertinent part as follows: 24.02 Transfer to Defraud Is Void
(a) A transfer of real or personal property, a suit, a decree, judgment, or execution, or a bond or other writing is void with respect to a creditor, purchaser, or other interested person if the transfer, suit, decree, judgment, execution, or bond or other writing was intended to (1) delay or hinder any creditor, purchaser, or other interested person from obtaining that to which he is, or may become, entitled; or (2) defraud any creditor, purchaser, or other interested person of that to which he is, or may become, entitled. * * * 24.03 Debtor's Transfer Not for Value Is Void
(a) A transfer by a debtor is void with respect to an existing creditor of the debtor if the transfer is not made for fair consideration, unless, in addition to the property transferred, the debtor has at the time of transfer enough property in this state subject to execution to pay all of his existing debts. (b) Subsection (a) of this section does not void a transfer with respect to a subsequent creditor of or purchaser from the debtor. See also In re MortgageAmerica Corp.,714 F.2d 1266 (5th Cir. 1983), which holds that under sections 24.02 and 24.03, a transfer in fraud of creditors is avoidable in that good title may pass to a transferee who does not have notice of the fraud and void in the very limited sense that creditors may otherwise treat the transferred property as though the transfer had never taken place. Thus, in the instant case it appears that the Federal Government under Texas law could as a creditor attach or execute judgment upon the property in question as though the debtors had not transferred it. United States v. Chapman,756 F.2d 1237↩ (5th Cir. 1985).