WAYNE MARSHALL WRIGHT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wright v. Commissioner
Docket Nos. 935-83, 22356-83.
United States Tax Court
T.C. Memo 1984-183; 1984 Tax Ct. Memo LEXIS 491; 47 T.C.M. (CCH) 1493; T.C.M. (RIA) 84183; April 11, 1984. Wayne Marshall Wright, pro se. H. Karl Zeswitz, Jr., for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: In these consolidated cases, respondent determined deficiencies in individual income tax and additions to tax against petitioner as follows: Calendar
Deficiency
Additions to Tax
Year
Sec. 6651(a)
Sec. 6653(a) [1]
1980
$6,690.66
$1,672.66
$334.53
1981
7,274.00
1,818.50
363.70
*492 In his timely filed petitions herein, [2] petitioner put all such amounts in issue. At the time of filing, petitioner was a resident of Lake Charles, Louisiana. In his answers, respondent, in addition to contesting all the issues raised by petitioner, moved for an award of damages in favor of the United States under section 6673. When the consolidated cases were called for trial at a trial session of the Court in New Orleans, Louisiana, on January 24, 1984, petitioner claimed that he was currently under criminal investigation by respondent's agents. Since this allegation, if true, might have been a proper basis for a motion for continuance in the instant case, the Court determined that the matter should be resolved before continuing any further with the trial of the instant case. Respondent's counsel represented to the Court that petitioner was not currently under any criminal investigation, had not been in the past, and that no such criminal investigation was contemplated in the future. This representation to the Court was corroborated by respondent's witness, Frank M. Limbird, *493 who was Group Manager with the Criminal Investigations Division of the Internal Revenue Service, having jurisdiction over the geographical area of petitioner's residence. Mr. Limbird testified that although two special agents of his office had attempted to interview petitioner in connection with another investigation, petitioner declined to be interviewed and the meeting was immediately terminated. He reaffirmed that petitioner was not under any criminal investigation by the Internal Revenue Service and that, by reason of his duties, he was in a position to know of any such investigation. From petitioner's statements at trial, it appeared that his contentions were based solely upon the above-described aborted interview.The Court accordingly found that petitioner had made no showing that he was under any threat of criminal investigation or prosecution, and ordered the trial on the merits to proceed. [3]
The parties thereupon filed written stipulations of fact with attached exhibits with the Court, which establish the following facts: For each of the *494 years 1980 and 1981, petitioner filed tax protester type returns on Forms 1040, disclosing no information other than his name and address. All other relevant lines on the Forms 1040 contained the word "object," with the explanation, appearing on the face of the form, that petitioner was refusing to provide the requested information on the grounds of self-incrimination. In his statutory notices of deficiency herein, respondent determined that petitioner had received taxable wages in 1980 in the amount of $27,894, and $27,970.84 of such wages in 1981. For 1981, respondent further determined that petitioner had received taxable unemployment compensation in the amount of $1,640. After allowing petitioner a single exemption for himself, respondent computed the instant deficiencies accordingly, together with additions to tax under section 6651(a) for failure to file a timely return, and under section 6653(a) for negligent failure to comply with existing rules and regulations. The taxable wages as determined by respondent for each year were corroborated in the record by exhibits consisting of the Forms W-2 "Wage and Tax Statement" issued by petitioner's various employers during those *495 years. After the above stipulations and exhibits were received, petitioner presented no further evidence and declined to go forward with the prosecution of his case. Although admonished by the Court that he had the burden of proof to show that respondent's determinations were in error, petitioner specifically declined to take the stand or to present any other evidence on his behalf, again relying, without any further elaboration, on his claimed fear of self-incrimination which might result from any evidence he would present. Respondent accordingly moved the Court to dismiss the case and enter a decision in his favor for petitioner's failure to prosecute. The motion was taken under advisement, in order to give the Court an opportunity to examine the facts which were in the record, as represented by the stipulations and attached exhibits, and the trial was concluded. It is clear that petitioner had the burden of proof on all the issues. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). He cannot refuse to present evidence to us on such issues, on the grounds of Fifth Amendment privilege, and thereby convert the shield of the Fifth Amendment into a sword *496 which relieves him of his burden. Steinbrecher v. Commissioner,712 F.2d 195 (5th Cir. 1983), affg. T.C. Memo. 1983-12; Lukovsky v. Commissioner,692 F.2d 527 (8th Cir. 1982), affg. an unreported decision of this Court, cert. denied 460 U.S.     (1983). Rule 149(b) of this Court provides: (b) Failure of Proof: Failure to produce evidence, in support of an issue of fact as to which party has the burden of proof and which has not been conceded by his adversary, may be ground for dismissal or for determination of the affected issue against that party. Facts may be established by stipulation in accordance with Rule 91, but the mere filing of such stipulation does not relieve the party, upon whom rests the burden of proof, of the necessity of properly producing evidence in support of facts not adequately established by such stipulation. * * * In the instant case, the stipulations submitted by the parties did nothing to carry petitioner's burden of proof; on the contrary, they tended to support the correctness of respondent's determinations. The instant case fits precisely within the above-quoted rule. Petitioner having failed *497 to carry his necessary burden of proof with respect to any of the issues herein, the case must be dismissed and decision entered for respondent. In his pleadings, and at trial, respondent moved the Court for the imposition of damages against petitioner under the provisions of section 6673. [4]
We consider that the requirements of the statute are fully met in this case. It is clear to us that petitioner had no reasonable basis for asserting any Fifth Amendment privilege objections, either to *498 filling out the necessary information on the returns which he filed, or in persisting with his groundless claims of fear of self-incrimination before this Court. See Steinbrecher v. Commissioner,supra. Making the situation even worse in this case is the fact that this petitioner was admonished in a hearing before this Court in a prior case in 1982 that his threadbare Fifth Amendment arguments were groundless.[5] In spite of this prior warning, petitioner has persisted in the instant cases, putting respondent to considerable expense in bringing a witness to New Orleans, Louisiana, from Shreveport, Louisiana, to testify herein, and in spending many manhours preparing the instant case for trial. He has also consumed the time of this Court in considering his frivolous claims, thereby delaying the cases of other parties with legitimate grievances to be heard. We and other courts will no longer permit ourselves to be imposed upon in this fashion. Senesi v. Commissioner,T.C. Memo. 1981-723, affd. without published opinion 709 F.2d 1507 (6th Cir. 1983); McCoy v. Commissioner,76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983); *499 Urban v. Commissioner,T.C. Memo. 1984-85; compare Steinbrecher v. Commissioner, supra;Milazzo v. United States,578 F. Supp. 248 (1984), 84-1 USTC par. 9167 (S.D.Cal. 1984). Under the provisions of section 6673, the Court therefore awards damages in favor of the United States in the amount of $4,000. Decisions will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Rules of Practice and Procedure of the Tax Court, except as otherwise noted.↩
2. The petitions herein were filed on January 13, 1983, and August 1, 1983, respectively.↩
3. See Steinbrecher v. Commissioner,712 F.2d 195 (5th Cir. 1983), affg. T.C. Memo. 1983-12↩.
4. As amended by Public Law 97-248, section 292(b), effective with respect to any action or proceeding commenced in this Court after December 31, 1982, sec. 6673 reads as follows: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩
5. This Court will take judicial notice of its own records. Fed. R. Evid. Rule 201(b); Rule 143(a); see United States v. Verlinsky,459 F.2d 1085↩ (5th Cir. 1972).