GARRICK L. HANSEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hansen v. Commissioner
Docket No. 17531-84.
United States Tax Court
T.C. Memo 1987-149; 1987 Tax Ct. Memo LEXIS 144; 53 T.C.M. (CCH) 405; T.C.M. (RIA) 87149; March 19, 1987. Garrick L. Hansen, pro se. W. Scott Green, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined deficiencies in, and additions to, petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b) [1]
Sec. 6654
1977
$3,517.77
$1,758.89 $125.27
1978
3,923.24
1,961.62
125.31
1979
18,617.98
9,308.99
775.61
1980
3,169.37
1,584.69
202.17
*145 The issues are whether, with respect to each of the taxable years at issue, petitioner (1) had unreported taxable income, (2) is liable for underpayment of estimated tax under section 6654, and (3) is liable for an addition to tax for fraud under section 6653(b). As a matter of convenience, we have combined our findings of fact and opinion. Petitioner resided in Whitefish, Montana at the time the petition herein was filed. During the years specified, petitioner was a self-employed plumber and had at least the following amounts of gross receipts from his plumbing business: YEAR
TOTAL GROSS RECEIPTS
1977
$53,545.85 1978
46,265.86
1979
97,212.46
1980
47,024.34
Petitioner had the following deductible expenses against the foregoing gross receipts: [2]
1977
$8,455.69
1978
320.16
1979
6,072.46
1980
5,077.45
*146 During each of the years 1977, 1978, 1979, and 1980 petitioner had at least $900 gross rental receipts and incurred rental expenses of not more than $882.38, $920.95, $952.51 and $942.89 in these years, respectively. Petitioner filed a timely Federal income tax return (Form 1040) for the taxable year 1973 showing a tax due of $2,158. In September, 1975 petitioner filed an amended return for 1973 (Form 1040X) showing a reduced tax due. Petitioner did not file a Federal income tax return for 1974. For 1975 and 1976, he filed Forms 1040 which constituted so-called "Porth" returns and were therefore not valid returns. Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982); United States v. Porth,426 F.2d 519 (10th Cir. 1970). Petitioner did not file Federal income tax returns or documents purporting to be such returns for any of the years 1977 through 1979. He did file an Application for Automatic Extension of Time to File U.S. Individual Income Tax Return (Form 4868) for 1979 in which he claimed the right not to file because of his privilege against self-incrimination and various other constitutional grounds. For 1980, petitioner filed another *147 "Porth" return. He did not file any return or document purporting to be such a return for 1981. During the years at issue, petitioner paid the people who worked for him only with currency. [3] Petitioner neither provided insurance or workmen's compensation coverage for the people who worked for him nor did he withhold Social Security taxes, Federal income taxes or State of Montana income taxes from the amounts he paid those persons. We deal first with the underlying deficiencies determined by respondent in his notice of deficiency. The burden of proof is on petitioner. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). The record is barren of evidence which even begins to satisfy petitioner's burden. Petitioner has failed to attack the substantive tax issues raised by the notice of deficiency and their factual foundation. Rather he has predicated his case on outworn claims which have been uniformly rejected by the courts over a long period of years. These claims are totally without *148 merit and are not deserving of any detailed analysis. United States v. Wangrud,533 F.2d 495 (9th Cir. 1976) (Federal reserve notes are money); Carter v. Commissioner,784 F.2d 1006, 1009 (9th Cir. 1986), affg. a Memorandum Opinion of this Court (sums received for personal services are properly income subject to taxation). Petitioner's claims with respect to the applicability of the Fifth Amendment are equally without merit and, in any event, would not relieve him of his burden of proof. United States v. Rylander,460 U.S. 752 (1983); Steinbrecher v. Commissioner,712 F.2d 195, 198 (5th Cir. 1983), affg. a Memorandum Opinion of this Court; United States v. Stillhammer,706 F.2d 1072, 1076-1077 (10th Cir. 1983). Under the foregoing circumstances, we sustain respondent's determinations of deficiency in tax for each of the years at issue. It follows from this holding that petitioner is also liable for the additions to tax under section 6654. The addition to tax for failure to make timely payments of estimated tax is mandatory since petitioner has failed to bring himself within one of the computational *149 exceptions contained in section 6654(d). Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980). We turn to the issue of whether petitioner should be held liable for the additions to tax for fraud under section 6653(b). The burden is on respondent to show, by clear and convincing evidence, that some part of the underpayment is due to fraud and that petitioner had a specific purpose to evade a tax believed by him to be due and owing. Kotmair v. Commissioner,86 T.C. 1253, 1259-1260 (1986); section 7454(a); Rule 142(b). The existence of fraud is a question of fact to be determined from the entire record. 86 T.C. at 1259. Respondent may carry his burden on the basis of reasonable inferences to be drawn from that record, but he may not rely on petitioner's failure to carry his burden of proof as to the underlying deficiencies. Habersham-Bey v. Commissioner,78 T.C. 304, 311-312 (1982). We start our analysis with a recognition that the failure to file valid Federal income tax returns, standing alone, will not satisfy respondent's burden of proof. Kotmair v. Commissioner,supra at 1260-1261. However, *150 such failure to file is an element which can be taken into account with other factors in determining whether the requisite fraudulent intent exists. Rowlee v. Commissioner,80 T.C. 1111, 1124 (1983). We think this is particularly appropriate where, as in the case herein and in contrast to the factual situation in Kotmair v. Commissioner,supra, petitioner did not, with the exception of 1980, file any document even purporting to be a return for any of the years at issue in which he put respondent on notice of his intentions. There are several other elements of fraud present in the instant case. First, petitioner admitted that he received sums in excess of deductible expenses, and such admissions, even though in effect compelled under Rule 91(f), [4] may be used to establish fraud. The resulting understatements of taxable income are substantial and extend over a period of four years. Under such circumstances, they are strong evidence of fraud. Lollis v. Commissioner,595 F.2d 1189, 1191 (9th Cir. 1979), affg. a Memorandum Opinion of this Court. In this connection, it is particularly significant that petitioner filed a return *151 in 1973 showing income, deductions and a tax due. Habersham-Bey v. Commissioner,supra at 312. Another element of fraud stems from the fact that petitioner maintained only fragmentary records. Failure to maintain adequate records is a badge of fraud. Bradford v. Commissioner,796 F.2d 303, 307 (9th Cir. 1986), *152 affg. a Memorandum Opinion of this Court; Lollis v. Commissioner,supra at 1192. We think the lack of adequate records takes on an added significance herein because it fits with other facts which reveal a pattern of action on the part of petitioner to prevent respondent from learning of his income. Petitioner conducted his business in cash, including cashing checks received, and avoided having bank accounts in order to minimize the possibility of his income-producing activities from being discovered. See Nicholas v. Commissioner,70 T.C. 1057, 1066 (1978). [5] He treated persons who worked for him as subcontractors rather than employees; we are satisfied that his decision to do so was not, in any way, based on a determination that those persons were in fact independent contractors but rather was based on the fact that such determination would obviate the need to file wage withholding forms with respondent and therefor help maintain the pattern of concealment. Petitioner also avoided, to the maximum extent possible, obtaining requisite plumbing permits in order to minimize any record of his business activities. [6] We conclude that petitioner adopted *153 a pattern of action designed to conceal his income-producing activities from respondent. Unquestionably, this is a badge of fraud. As suggested by the Ninth Circuit Court of Appeals, to which an appeal in this case will lie: Concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or conceal. [Ruark v. Commissioner,449 F.2d 311, 312-313 (9th Cir. 1971), affg. a Memorandum Opinion of this Court, quoting Spies v. United States,317 U.S. 492, 499 (1943).] See also Bradford v. Commissioner,supra at 307-308. *154 The long and short of the matter is that, based on the record before us and our findings and conclusions derived therefrom, we are satisfied that respondent has met his burden of proof as to the additions to tax under section 6653(b). [7]
Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. These are amounts allowed by respondent in his deficiency notice. Petitioner did not object to these amounts but indicated, at a hearing to determine the extent to which respondent's proposed stipulation of facts should be accepted, that he had additional expenses. However, he never pursued the matter further at trial although the Court specifically invited him to do so. See note 4, infra.↩
3. Petitioner testified that in some cases he used cashier's checks; we conclude that, in the context of this case, such checks should be treated as the equivalent of cash.↩
4. Although technically not in response to a motion under Rule 91(f), the Court did conduct a pre-trial hearing with respect to petitioner's refusal to stipulate as required by Rule 91 and the deemed admissions were the result. We again note that petitioner made some vague claims at this hearing about additional deductions, which he never pursued further at trial. See note 2, supra.We do not believe such claims were sufficient to require respondent, in order to sustain his burden of proof, to prove that in fact petitioner did not have offsetting deductions. It was petitioner's obligation to come forward with at least some probative evidence of such deductions. Cf. Elwert v. United States,231 F.2d 928, 933 (9th Cir. 1956); United States v. Bender,218 F.2d 869, 871-872 (7th Cir. 1955). See Rivera v. Commissioner,T.C. Memo. 1979-343↩.
5. See also Signorile v. Commissioner,T.C. Memo. 1986-565↩. 6. We acknowledge that our findings as to petitioner's efforts at concealment are based, at least in part, on the testimony of Peter Tiffany ("Tiffany") who occupied an independent contractor/employee relationship to petitioner and that, in some respects, his testimony was confusing and even inconsistent. But our evaluation reflects the fact that we saw Tiffany and heard him, as well as petitioner, testify, and that, even allowing for possible shortcomings in Tiffany's testimony, it provides a sufficient foundation for the conclusion we have reached.↩
7. Petitioner mentions on brief that he was acquitted of the charge of wilful failure to file returns for 1977, 1978, and 1979 and that this negates respondent's assertion of fraud herein. Aside from the fact that petitioner's assertion is not supported by any evidence of record, the standard for determining guilt in a criminal case is a higher one than in a civil fraud case, i.e., beyond a reasonable doubt, and an acquittal is not proof that the jury agreed with petitioner's view of the situation. Rather, an acquittal indicates that the jury had reservations that the beyond-a-reasonable-doubt standard had been satisfied. American Tobacco v. United States,328 U.S. 781, 787 n. 4 (1946); De Angeles v. Commissioner,T.C. Memo. 1983-78, affd. without published opinion 738 F.2d 450↩ (11th Cir. 1984).