RONALD L. McCREADY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCready v. Commissioner
Docket No. 8899-86.
United States Tax Court
T.C. Memo 1988-138; 1988 Tax Ct. Memo LEXIS 166; 55 T.C.M. (CCH) 516; T.C.M. (RIA) 88138; March 30, 1988. Ronald L. McCready, pro se. Gail K. Gibson, for the respondent. WELLS
MEMORANDUM FINDINGS OF FACT AND OPINION WELLS, Judge: Respondent determined a deficiency in petitioner's 1982 and 1983 taxes and additions to tax as follows: Year
Deficiency
[1] Additions to Tax, Sections 6651
6653
6653
(a)(1)
(a)(1)
(a)(2)
6654
6661(a)
1982
$ 2,388
$ 597  $ 119
*
$ 232
$ -0-
1983
6,169
1,542
308
**
376
617
*168 After filing an answer to the petition herein, respondent, on May 26, 1987, filed an amendment to his answer in which he asserted "corrected amounts of deficiencies and additions to tax" as follows: Year
Deficiency
Additions to Tax, Sections
6651
6653
6653
(a)(1)
(a)(1)
(a)(2)
6654
6661(a)
1982
$ 7,009
$ 1,752
$ 350
*
$ 684
$ 1,752
1983
2,253
563
113
**
137
-0-
The issues for decision are (1) whether petitioner had unreported taxable income during 1982 and 1983, and if so, (2) whether petitioner is liable for additions to tax pursuant to sections 6651, 6653(a)(1), 6653(a)(2), 6654, and 6661(a). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits thereto *169 are incorporated herein by this reference. Petitioner resided in Amery, Wisconsin, at the time he filed his petition in this case. For the 1982 and 1983 taxable years petitioner filed documents (Forms 1040) which contained no financial information or other data for computing a tax and which did not show a tax due. Petitioner inserted a word "NONE" or the word "OBJECT" in the spaces requiring information. At the top of each Form 1040 was typed the following: "The attached fifteen page memorandum is to be considered a part of this return. The word 'object' in response to a specific question means on grounds of self-incrimination." The two referenced fifteen page attachments were identical, and were composed substantially of short excerpts from court cases addressing the Fifth Amendment and from publications and articles discussing taxpayer rights. The attachments also included signed statements by petitioner that generally asserted the Fifth Amendment privilege againt self-incrimination as grounds for not answering questions on the tax returns. No Federal income tax was paid by petitioner for 1982 or 1983. In the notice of deficiency, respondent determined, on the basis *170 of information reported by petitioner to the Wisconsin Department of Revenue, that petitioner had income from self-employment in automobile repair in the amounts of $ 10,719 and $ 21,101 for 1982 and 1983, respectively. Respondent also determined that petitioner failed to pay self-employment tax on his earnings for 1982 and 1983, and that petitioner was liable for various additions to the tax. In the course of preparing for trial, respondent discovered that the amounts of income obtained from the Wisconsin Department of Revenue records had been reversed erroneously and that those records showed that petitioner had reported income in the amounts of $ 21,101 for 1982 and $ 10,719 for 1983. By leave of the Court, respondent filed an amendment to his answer in which he asserted that petitioner was liable for deficiencies and additions to the tax based upon self-employment income in the amounts of $ 21,101 for 1982 and $ 10,791 for 1983. OPINION Respondent's determination in the notice of deficiency ins presumptively correct and petitioner has the burden to prove it wrong. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). An exception to this rule is that *171 the burden of proof is on respondent in respect to an increase in deficiency pleaded in respondent's answer. Rule 142(a). At trial, respondent introduced certified copies of Wisconsin Sales and Use Tax Returns filed with the Wisconsin Department of Revenue for 1982 and 1983 by petitioner. A representative of the Wisconsin Department of Revenue testified that the copies in evidence were true and correct copies of the returns filed by petitioner. On those Wisconsin returns, petitioner reported gross receipts in the total amounts of $ 21,101.17 and $ 10,719.44 for 1982 and 1983, respectively. These amounts, after rounding, are the same amounts used by respondent in determining the deficiency in his amended answer. The returns also show that petitioner paid sales tax to the Wisconsin Department of Revenue in the amounts of $ 864.54 and $ 524.88 with the returns filed for 1982 and 1983, respectively. The returns for the quarters ending in December of 1982 and 1983 were filed in the following January and reflected payments of sales tax in the amounts of $ 151.51 and $ 112.90, respectively. Thus, the returns in evidence show payments of sale tax in the amounts of $ 713.03 (864.54-151.51) *172 during calendar year 1982 and $ 563.49 (524.88 + 151.51 - 112.90) during calendar year 1983. Respondent has the burden of proof in respect to the increased deficiency pleaded in the amended answer. We hold that respondent has met his burden by submission of the authenticated state taxation records. Petitioner never suggested that he did file the Sales and Use Tax Returns, and he has presented no other evidence to contradict those records. For that matter, petitioner has presented no evidence whatsoever in support of his case. Petitioner has rested his case solely on his vague assertions that respondent's determinations did not take into account deductions to which he was entitled,, that respondent's determinations did not properly account for his income, and that, based upon his Fifth Amendment privilege against self-incrimination, he need not provide records substantiating his business affairs based on his Fifth Amendment rights. Nothing in the record, however, remotely indicates that petitioner is faced with substantial hazards of self-incrimination or that he ever has had reasonable cause to apprehend such danger. Petitioner has shown us no evidence whatsoever whereby *173 we might conclude that the possibility of self-incrimination is a real danger, rather than merely a remote and speculative possibility. See Zicarelli v. New Jersey State Commission of Investigation,406 U.S. 472, 478 (1972); Steinbrecher v. Commissioner,712 F.2d 195, 197 (5th Cir. 1983), affg. a Memorandum Opinion of this Court. Indeed, in our earlier Memorandum Sur Order in this case, we stated: The Fifth amendment argument which petitioner has raised in his motion has been considered by this Court in other cases and has been held to be frivolous under the circumstances of those cases. The Court will not countenance the raising of frivolous arguments. If petitioner continues in this course of conduct through the trial of this case without proving to this Court that petitioner has a present danger of self-incrimination, the Court will consider assessing damage under section 6673 of the Internal Revenue Code of 1954, as amended. [Fn. ref. omitted. Emphasis in original.] Petitioner has not invoked any Fifth Amendment assertions since that order, but he has continued to pursue his case. Petitioner's arguments since *174 that order essentially are that respondent made errors in respondent's determinations, and that such errors and discrepancies invalidate respondent's determinations. The errors that petitioner alleges were made by respondent may be divided into three categories: (1) reversal of the amounts of income for 1982 and 1983 in the notice of deficiency; (2) errors relating to additions to the tax; and (3) various other immaterial errors, e.g., spelling petitioner's name as "Donald," instead of "Ronald," on the Forms 2210 given to petitioner in support of the amended determination, and assessing self-employment taxes on petitioner for 1982 and 1983, even though only the 1982 Form 1040 included the word "Self-employed." We already have discussed the first asserted error and found that respondent carried his burden of proof in that regard. We shall address the alleged errors in the second category in our discussions of the additions to the tax. The other errors alleged by petitioner are so trivial that, assuming arguendo that they even were made as petitioner alleged, they are immaterial to the case and undeserving of further comment. We do not, however, that petitioner has offered no authority *175 whatsoever to indicate how any of the alleged errors might affect our determination herein. The introduction of the state tax returns signed by petitioner satisfies respondent's burden of proof in this case. Petitioner has introduced no evidence to contradict respondent's assertions that petitioner was self-employed in 1982 and 1983 and realized from his self-employment the amounts of income listed on the state sales tax returns. We thus uphold respondent's amended determinations of petitioner's total receipts from self-employment income for 1982 and 1983. An income tax deduction is a matter of legislative grace and the burden of clearly showing the right to the claimed deduction is on petitioner. Interstate Transit Lines v. Commissioner,319 U.S. 590, 593 (1943). Petitioner has introduced no evidence to show that he is entitled to any deductions from income. We find, however, the petitioner's taxable income from self-employment should be reduced for 1982 and 1983 in the amounts of $ 713.03 and $ 563.49, respectively, to reflect the sales tax payments that, according to the Sales and Use Tax Returns in evidence, were made by petitioner in those calendar year *176 periods. [2]
On both the 1982 and the 1983 Forms 1040 submitted by petitioner, the filing status of "Married Filing Separate Return" was indicated. On the 1982 Form 1040, petitioner *177 claimed personal or dependency exemptions for five individuals -- himself, his spouse, and three individuals identified as children of petitioner. On the 1983 Form 1040, petitioner claimed only an exemption for himself. The notice of deficiency allowed petitioner only a personal exemption for himself for each of the years in issue. Petitioner has not asserted that he should be allowed more than one personal or dependency exemption for either year. Additionally, he has forwarded no evidence to indicate that he meets the requirements of section 151(b) for entitlement to an exemption for a spouse or that the individuals listed on the 1982 Form 1040 qualified under section 152 as his dependents for 1982. We thus uphold respondent's determinations that petitioner's filing status in 1982 and 1983 was "Married Filing Separately" and that petitioner is entitled to an exemption only for himself for each year. Rule 142(a). Respondent also determined that petitioner is liable for additions to the tax under section 6651(a) (failure to file a required return), section 6653(a)(1) and (2) (negligent or intentional disregard of rules and regulations), section 6654 (failure to pay estimate *178 income tax), and section 6661 (substantial understatement of income tax liability). Petitioner asserts that he is not liable for additions to the tax for failure to file a required return because he filed Forms 1040 for 1982 and 1983 on or before and due dates of April 15, 1983, and April 15, 1984, respectively. See sec. 6072(a). The law is well-settled on this issue in the Seventh Circuit, to which the instant case is appealable. See Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971). The law in the Seventh Circuit, as well as in other courts,, is that Forms 1040 such as those filed by petitioner, which contain only a taxpayer's name, address, social security number, and a blanket declaration regarding the Fifth Amendment privilege, and which do not include any figures from which a tax can be computed, are not returns within the meaning of the Internal Revenue Code. United State v. Moore,627 F2d 830, 834 (7th Cir. 1980); United States v. Jordan,508 F2d 750, 751-752 (7th Cir. 19975). See also United States v. Porth,426 F.2d 519, 523 (10th Cir. 1970). *179 Furthermore, it is not enough for a form to contain some income information; there also must be an honest and reasonable intent to supply the information required for a Form 1040 to constitute a return. United States v. Moore, 627 F.2d at 835. See also Beard v. Commissioner,82 T.C. 766, 777 (1984) (Court reviewed), affd. 793 F.2d 139 (6th Cir. 1986). Petitioner has provided no evidence to show a reasonable cause for his failure to file returns and pay any portion of his tax liability. Thus, we hold that petitioner failed to file returns for 1982 and 1983 and that he is liable for additions to tax pursuant to section 6651. We also hold that petitioner is liable for addition to tax pursuant to section 6654 because of his failure to make any payments of estimated tax for 1982 and 1983. Petitioner has not alleged that he was unaware of the rules and regulations that required him to file returns. In fact, the filing of protester returns by petitioner in 1982 and 1983 demonstrates that he was aware of his duty to file returns. [3] Since petitioner did not file returns within the meaning of the Internal Revenue Code, United States v. Jordan, supra, *180 and since he was aware of his duty to file, we hold that his failure to file returns for 1982 and 1983 was due to willful disregard of rules and regulations. Accordingly, petitioner is liable for additions to the tax pursuant to section 6653(a)(1) and (2). [4]
In his amended answer, respondent asserted that petitioner was liable for additions to the tax pursuant to section 6661 for a substantial understatement of income tax for the 1982 taxable year. Respondent asserted the addition to the tax in an amount equal to 25 percent of the amount of the underpayment asserted in the amended answer. Respondent has the burden of proof on the section 6661 addition, Rule 142(a); however, we find that he has met his burden in the instant case by meeting his burden of proving the deficiency for 1982. Section 6661 was added by the Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. 97-248, 96 Stat. 324. Section 6661 applies to returns for which the due date for filing is after December 31, 1982. Pub. *181 L. 97-248, sec. 323(a), 96 Stat. 613. The due date for the filing of petitioner's 1982 individual income tax return was April 15, 1983, so section 6661 applies to petitioner for the 1982 taxable year. Section 6661(a) provides for an addition to the tax if there is a substantial understatement of income tax. Section 6661(b)(1)(A) defines a substantial understatement as an understatement of income tax for the taxable year that exceeds the greater of (1) 10 percent of the tax required to be shown on the return for the taxable year, or (2) $ 5,000. By our calculation, the tax for 1982 required to be shown on petitioner's return, pursuant to our holding above, is approximately $ 6,265. [5] Petitioner's 1982 return showed no tax, so the entire $ 6,265 liability is an understatement of tax on 1982. [6] Thus, petitioner's understatement for 1982 is a substantial understatement for purposes of section 6661 because it exceeds the greater of $ 5,000 or $ 627 (10% of the tax required to be shown on the return). *182 Under section 6661(a), the addition to the tax is computed by applying a percentage to the amount of the underpayment of tax attributable to the substantial understatement. By amendment to his answer, respondent asserted that the applicable rate to be applied herein is 25 percent. In accord with our recent decision in Pallottini v. Commissioner, 90 T.C. (March 30, 1988), we hold for respondent that petitioner is liable for the 25 percent addition to the tax pursuant to section 6661(a) for the 1982 year. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect during the years at issue, and all rule references are to the Tax Court Rules of Practice and Procedures. ↩
*. 50% of the interest due on $ 2,388. ↩
**. 50% of the interest due on $ 6,169. ↩
*. 50% of the interest due on $ 7,009. ↩
**. 50% of the interest due on $ 2,253. ↩
2. There is no indication that the amounts of sale tax payments to the Wisconsin Department of Revenue were excluded from the amounts of total receipts reported by petitioner in his state sale tax returns and used in respondent's determination. We therefore assume that they were not excluded. Also, neither party discussed whether the sales tax payments possibly might be considered excludable from gross income because petitioner was acting only as a collection agent for sales taxes owed by his customers to the State of Wisconsin. The issue is moot, however, in that petitioner's net income from self-employment is the same regardless of whether (A) the amounts of sale tax paid should be included in petitioner's gross income with an equivalent deduction allowed for the state tax payments (pursuant to section 62(a)(1)), or (B) the amounts of sale tax paid should be excluded from gross income on the theory that petitioner held the amounts only as an agent of the State, and no right to the amounts accredited to him. ↩
3. See Lee v. Commissioner,T.C. Memo. 1986-294↩. 4. The Tax Reform Act of 1986 redesignated these provisions and both are found currently in section 6653(a)(1). ↩
5. Taxable Income of $ 21,101 [total receipts] - 713 [sales tax paid] - 1000 [personal exemption] = $ 19,388. Tax thereon for a married person filing separately = $ 4359. Self employment tax = 9.35% x (21,101 - 713) = $ 1906. 1906 + 4359 = $ 6265 total tax due. ↩
6. Section 6661(b)(2)(B) provides that the addition to tax is reduced for that portion of the understatement attributable to any item adequately disclosed in the return or if there is or was substantial authority for the taxpayer's tax treatment. Petitioner made no disclosures at all on his return, and submitted no substantial authority for his positions, so 6661(b)(2)(B) cannot apply to petitioner for 1982. ↩