STANLEY H. AND VICTORIA L. OLSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Olsen v. Commissioner
Docket No. 24482-92
United States Tax Court
T.C. Memo 1994-216; 1994 Tax Ct. Memo LEXIS 212; 67 T.C.M. (CCH) 2968; T.C.M. (RIA) 94216; May 16, 1994, Filed *212 An appropriate order and decision will be entered for respondent. Stanley H. Olsen, pro se. For respondent: Randall L. Preheim. RUWE
RUWE
MEMORANDUM OPINION RUWE, Judge: Respondent determined deficiencies in and additions to tax with respect to petitioners' income tax liabilities as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
1987
$ 24,788
$ 5,985
$ 1,239
50 percent of the
interest due on
$ 24,788
Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) Sec. 6653(a)(1)
1988
$ 29,560
$ 4,418
$ 1,478
Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) Sec. 6662(a) 1989
$ 57,387
$ 11,477
$ 11,474
Addition to Tax
Year
Deficiency
Sec. 6662(a) 1990
$ 50,963
$ 10,193
Petitioners timely filed their petition on November 2, 1992. Paragraph 4 of the petition includes the following allegations: Petitioner was notified and read rights on 10/31/90, of criminal investigation on said petitioner. The IRS has no legal right to demand this audit as it violates the petitioner's rights under the Fifth Amendment of the U.S. constitution. * *213 * *
On December 24, 1992, respondent filed a motion to dismiss for failure to state a claim upon which relief can be granted. In that motion, which was served on petitioners, respondent specifically states: "Petitioners are not under criminal investigation and there is no criminal case pending against petitioners." We ordered petitioners to file a proper amended petition and held respondent's motion in abeyance pending receipt of amended petition. On March 5, 1993, petitioners filed an amended petition resulting in our denial of respondent's motion to dismiss. Petitioners' amended petition also contained allegations that on October 31, 1990, petitioner was "personally notified of a criminal investigation", "was given my Miranda reading", and "have never been notified by IRS/CID that I am no longer under criminal investigation." Respondent's answer to the amended petition, filed March 29, 1993, and served on petitioners, "admits that petitioner Stanley H. Olsen was under criminal investigation by the Internal Revenue Service during October 1990 and was advised of his rights" but denied the other factual allegations including that he had not been notified that he was no longer *214 under criminal investigation. On November 10, 1993, this Court notified petitioners that this case was set for trial at 10:00 a.m., on April 18, 1994, in Denver, Colorado. The notice informed the parties of their obligation to prepare for trial by contacting each other promptly in order to cooperate in the preparation of the case for trial. In addition, the Court also served its "Standing Pre-Trial Order" on the parties. This order informs the parties of the Court's policies including the requirement that the parties begin discussions for purposes of preparation of a stipulation of facts, that all facts shall be stipulated to the maximum extent possible, and that if the failure to enter into a complete stipulation is due to the failure of either party to cooperate, the Court may order sanctions against the noncooperative party. The order also requires each party to submit a trial memorandum to the Court and to exchange their respective trial memoranda 15 days prior to the first day of the trial session. (Respondent submitted the required trial memorandum. Petitioners did not.) The order advises the parties that a continuance will be granted only in exceptional circumstances *215 and that any unexcused failure to comply with the pretrial order might result in dismissal. On Monday, April 18, 1994, shortly after 10:00 a.m., this case was called. Respondent's counsel appeared and submitted a stipulation of settled issues between petitioner Victoria L. Olsen and respondent that disposed of all issues with respect to Mrs. Olsen. There was no appearance by Stanley H. Olsen, who is hereinafter referred to as petitioner. However, K. Barron Bradshaw, Esq., purporting to represent petitioner, appeared and requested a continuance. Mr. Bradshaw stated that he was not admitted to practice before the Court and had not formally entered his appearance in this case. He stated that he had just been contacted by petitioner the previous Friday with respect to the case but was not prepared to try the case. Respondent objected to any continuance. Respondent's counsel stated that he had on two separate occasions written to petitioner requesting a stipulation conference and received no response, and that, subsequently, on April 7, 1994, he had written to petitioner and transmitted a proposed stipulation of facts and again received no response. Respondent then moved to dismiss *216 the case for failure to properly prosecute. See Rule 123(b). [1] This motion was taken under advisement and set for recall on the afternoon of April 18, 1994, in order to allow Mr. Bradshaw to contact petitioner and give him an opportunity to appear. When this case was recalled on the afternoon of April 18, 1994, petitioner was present and entered his appearance. Petitioner asked for a continuance. His stated reasons were (1) that he is currently involved in litigation wherein the Department of Justice is seeking an injunction "against my being a tax preparer", (2) that he is currently involved in another suit for wrongful levy against the United States, and (3) that he was concerned about the possibility of self-incrimination. He stated that he was notified in 1990 that he was under criminal investigation by the Internal *217 Revenue Service and has "never formally received anything in writing from these people that I am not." As to the existence of other civil litigation between petitioner and the United States, petitioner has articulated no reasons to justify the continuance of this case. On November 10, 1993, we notified petitioner that this case was set for trial on April 18, 1994. During the 5 months after receiving notice of trial, petitioner never filed a motion for continuance or otherwise informed the Court of the pendency of concurrent litigation that might somehow interfere with the trial of this case. We cannot justify a continuance simply because of the existence of other court cases that may or may not be related to the issues in this case. See Rule 134. Petitioner's primary argument for a continuance appeared to be based on his purported fear that any evidence that he might offer in this case could possibly incriminate him in a future criminal prosecution. Petitioner based this on the fact that he was under criminal investigation in 1990 and had never "formally received anything" stating that he was no longer under criminal investigation. As previously noted, respondent's answer *218 filed March 29, 1993, admitted that petitioner had been under criminal investigation in 1990 but denied that petitioner had not been notified that he was no longer under criminal investigation. Previously, on December 24, 1992, respondent's motion to dismiss stated that petitioner was not then under criminal investigation and that there was no criminal case pending against petitioner. Respondent reiterated that there was no criminal case pending against petitioner in her trial memorandum, which was served on petitioner on April 1, 1994. Based on the foregoing, we do not think that petitioner had any reasonable basis to believe that he was still under criminal investigation. See Roberts v. Commissioner, 62 T.C. 834, 838 (1974); Griffith v. Commissioner, T.C. Memo. 1985-215. It appears that he made no inquiries in order to ascertain the existence of such an investigation since filing his petition almost 2-1/2 years ago. Petitioner argued that even if he was no longer under criminal investigation, there was no guarantee that the Government might not reinstate the criminal investigation and that any evidence that petitioner *219 might give in this case might be used against him in any possible future criminal proceedings. In effect, petitioner seemed to be arguing that the case should be continued until he was granted immunity from prosecution. [2]
Of course, petitioner is not entitled to immunity and there is no right to a continuance simply because of the possibility that criminal proceedings might be initiated at sometime in the future. See Steinbrecher v. Commissioner, 712 F.2d 195, 198 (5th Cir. 1983), affg. T.C. Memo. 1983-12. If this mere "possibility" alone were sufficient, it could well be a reason to continue many, if not most, civil cases unless the Government granted immunity. This is not to say that petitioner might not be entitled to invoke his privilege *220 against self-incrimination during a trial. Invocation of the privilege during a trial might, in some circumstances, require the Court to determine the propriety of invoking the privilege. See Petzoldt v. Commissioner, 92 T.C. 661, 684 (1989). However, in this case respondent indicated that she had no intention to call petitioner as a witness. Thus, the choice of whether or not to testify and introduce documentary evidence was completely up to petitioner. "
Petitioner has the burden of proof as to all issues. Even though we have no occasion to pass on the validity of petitioner's claim of possible self-incrimination, we note that even if the claim had validity, that fact would not have assisted petitioner in meeting his burden of proof. As we have previously stated: A valid assertion of the privilege against self-incrimination, however, is not a "substitute for evidence that would assist in meeting a burden of production," for to adopt such a view "would convert the privilege from the shield against compulsory self-incrimination which it was intended to be into a sword whereby a claimant asserting the privilege would be freed from adducing proof *221 in support of a burden which would otherwise have been his." United States v. Rylander, 460 U.S. 752, 758 (1983). See also Steinbrecher v. Commissioner, 712 F.2d 195, 198 (5th Cir. 1983), affg. a Memorandum Opinion of this Court. Cf. United States v. Green, 757 F.2d 116, 123 (7th Cir. 1985). This is true with respect to a taxpayer's meeting his burden of proof with respect not only to respondent's determinations as to underlying deficiencies, Steinbrecher v. Commissioner, supra, but also to additions to tax under sections 6651(a)(1), 6653(a)(1), and 6653(a)(2). Moore v. Commissioner, 722 F.2d 193, 196 (5th Cir. 1984), affg. a Memorandum Opinion of this Court. [Petzoldt v. Commissioner, supra at 684-685; fn. ref. omitted.]
When petitioner was told that a continuance would not be granted, he stated that he did not intend to offer evidence at trial. Since petitioner had the burden of proof as to all issues, his decision to offer no evidence constituted a failure by petitioner to properly *222 prosecute within the meaning of Rule 123(b). One of the sanctions for failure to properly prosecute is dismissal. Sanction by dismissal is exercised in the discretion of the Court and may properly be granted when the failure to prosecute is due to the fault of the party being dismissed. Harper v. Commissioner, 99 T.C. 533, 540 (1992). Petitioner was notified of the trial date over 5 months prior to April 18, 1994, and fully informed of the Court's policies, requirements, and potential sanctions. Petitioner did not ask for a continuance or articulate any reasons for a continuance until this case was called for trial. He ignored our notice of trial and the requirements of our standing pretrial order and chose to offer no evidence at trial. He ignored our notice of trial and the requirements of our standing pretrial order and chose to offer no evidence at trial. Under these circumstances, dismissal is appropriate. See Smith v. Commissioner, 834 F.2d 166, 171 (10th Cir. 1987). Respondent's motion to dismiss is granted. An appropriate order and decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue.↩
2. Petitioner stated: "[If I could be given something in writing from the Government that they would never pursue me criminally, that would remove the situation. But so far, the Government has refused to grant that."↩