United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-50103
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORMAN REDHEAD,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas, San Antonio Division
(5:05-CV-854)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Norman Redhead ("Redhead") appeals from the district court's grant of a petition to enforce

an IRS summons. The court overruled Redhead's motion to quash based on an objection invoking

his Fifth Amendment privilege. We conclude that the IRS has met all required elements for

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

enforcement of the summons, and that Redhead has failed to show that his production of the summoned documents amounts to self-incrimination, therefore, we affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

The issue before this court concerns the United States' petition to enforce an IRS summons against Norman Redhead. The United States filed the underlying petition to enforce an IRS summons against Redhead, pursuant to 26 U.S.C. § 7602 on September 8, 2005. Redhead admitted that he has not paid taxes from 1995-2004. As a result, pursuant to 26 U.S.C. § 6020(b), the IRS prepared substitutes for Redhead's tax returns for years 1995-1998. The IRS is now attempting to make a determination of Redhead's ability to pay his outstanding tax liability. In the summons, the IRS seeks to determine whether Redhead holds any assets from which it can collect an outstanding tax liability. The summons required Redhead to appear and give testimony relating to his tax liability or the collection of his taxes from 1995-1998 and to produce and present items that tend to show assets and liabilities–bank statements, checkbooks, cancelled checks, savings account passbooks, stocks, bonds, deeds, real property contracts, motor vehicle registration, life insurance policies, etc. Redhead did appear before the IRS officer; however, he failed to bring the summoned documentation. After the United States filed its petition, pursuant to an order from the Western District of Texas, Redhead was again required to appear before the IRS and provide testimony. But again, Redhead appeared without the summoned documents.

On October 13, 2005, Redhead responded to the petition by filing a motion to quash, asserting his Fourth and Fifth Amendment privileges. In support of one of the attachments to Redhead's motion to quash, is a letter dated July 6, 2005, where he challenges the authority of the revenue officer to seek information from him. In this particular letter, he acknowledges that he has

not filed income tax returns for 1995-2004.  On October 27, 2005, the district court held a hearing on the motion to quash and Redhead again asserted his Fourth and Fifth Amendment rights.  The district court then ordered Redhead to submit the summoned documents to a United States Magistrate Judge for an *in camera* review.

The district court adopted the magistrate judge's report and recommendation and denied Redhead's motion to quash.  It found that the Fifth Amendment privilege against self-incrimination does not protect or prevent disclosure of documents submitted pursuant to a United States' summons. Redhead did not attempt to further substantiate his Fourth Amendment objection.

## STANDARD OF REVIEW

Whether enforcement of the summons would violate the United States Constitutional Amendment V privilege against self-incrimination is a mixed question of law and fact.  *United States v. Medlin*, 986 F.2d 463, 466 (11th Cir. 1993).  We review the district court's factual findings for clear error and we review the application of law to those facts de novo.  *Payne v. United States*, 289 F.3d 377, 381  (5th Cir. 2002).

## DISCUSSION

### Fifth Amendment Objection

We first turn to the applicability of a person's Fifth Amendment privilege against self-incrimination; for this, a court must engage in a two pronged analysis.  First, we must determine whether the summoned information is incriminating in nature, either on its face or in the context of the circumstances that the information is requested.  *Hoffman v. United States*, 341 U.S. 479, 486-87 (1951).  Second, if the information is found to be incriminating, then the court must then determine

whether the proponent's asserted apprehension of criminal prosecution is reasonable under the circumstances. *Steinbrecher v. C.I.R.*, 712 F.2d 195, 198 (5th Cir. 1983).

As to the first prong of the analysis, the magistrate judge determined after the *in camera* review, and the district court agreed, that the documents pertaining to Redhead's current assets are not incriminating in nature. Redhead has not presented any evidence to show that the district court's determination was incorrect. Redhead, is neither clear nor specific in his explanation of why the requested documents are incriminating. Redhead never pointed the court to any particularized reason that the requested documentation would be self-incriminating; he only makes generalized comments about things he hears about and sees on television. The proponent must establish more than speculative or generalized allegations of the potential for self-incrimination. *United States v. Sharp,* 920 F.2d 1167, 1170 (4th Cir. 1990).

The documents requested by the IRS pertain only to Redhead's asset holdings, and thus, are not inherently incriminating in nature. The documents are also not incriminating based on the context in which they are sought. The United States brought this action in order to obtain information about Redhead's asset holdings, not to establish his tax liability. Redhead has failed to submit any other contextual proof that the documents are incriminating in nature, and thus, he has failed to satisfy the first prong of the court's analysis of the scope of his Fifth Amendment protection.

The second prong of the analysis pertains to whether there is a reasonable apprehension of criminal prosecution. There is no need for the court to make this inquiry at this time.[1]

**Petition to enforce IRS summons**

---

[1]Because the first prong of the inquiry into self incrimination was not satisfied and this protection requires satisfaction of two conjunctive prongs, Redhead has failed to assert his Fifth Amendment protection.

The court now turns to the petition to enforce the summons. The IRS is authorized to issue summonses to determine the liability of any person for any internal revenue tax, among other purposes. 26 U.S.C. § 7602. A district court may compel compliance with an IRS summons. *Id*. § 7402(a) & (b). In order to obtain enforcement of an administrative summons, the IRS must satisfy the *Powell* test. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *United States v. Huckaby*, 776 F.2d 564, 567 (5th Cir. 1985). *Powell* requires four conjunctive elements: (1) the summons be issued for a legitimate purpose; (2) the information sought be relevant to that purpose; (3) the information not be already possessed; and (4) that the administrative code be followed. *Powell*, 379 U.S. at 58.

In this case all four prongs of *Powell* are satisfied. Redhead's ability to pay his outstanding tax liability is a legitimate subject for the IRS to inquire about. The IRS summons attempts to gather information about his ability to pay his tax liability. The IRS does not currently possess the information necessary to determine his ability to pay. The IRS has followed the proper procedure required under the Internal Revenue Code for the issuance of a summons. The government has therefore met all of the *Powell* factors.

After all elements of the *Powell* test have been satisfied, the burden shifts to the party resisting the summons to show either that the *Powell* test has not been met, that the summons has been issued for an improper purpose, or any other appropriate ground under which the summons should not be enforced. *Powell*, 379 U.S. at 58; *Huckaby*, 776 F.2d at 567. Redhead cites his Fifth Amendment privilege against self-incrimination as the ground for non-enforcement. We have already decided that Redhead has failed to substantiate his claim of self-incrimination.

After conducting a review of the record and the applicable law, we conclude that the Redhead's objections are unsubstantiated.

## CONCLUSION

For the foregoing reasons we affirm the district court's grant of the petition to enforce the

IRS summons.  AFFIRMED.